REILLY v MARION TOWNSHIP

Docket No. 56873. Submitted December 10, 1981, at Lansing.—Decided February 19, 1982. Leave to appeal applied for.

Robert Turner sought and received from Marion Township a building permit so that he might construct on his agricultural-residential zoned property a building to be used to store and repair the trucks he used in his family agricultural product hauling business. Michael J. and Veronica M. Reilly, hearing that Turner intended to operate his trucking business from the building, brought an action in Sanilac Circuit Court seeking injunctions restraining Marion Township from allowing the Turner property to be used in nonconformance with the zoning ordinance and restraining Turner from occupying his property in violation of the zoning ordinance. During the pendency of this suit, the building was completed and Turner sought and received from the Marion Township Board of Zoning Appeals a variance and special exception permitting the use of the building in the trucking business. By stipulation of the parties, the trial was based upon a review of the record made before the board of appeals. Allen E. Keys, J., found that the board's granting of a special exception was within the scope of its authority, was a proper exercise of the board's discretion, and complied with all statutory and constitutional requirements. Plaintiffs appeal. *Held:*

1. The Marion Township Board of Zoning Appeals was empowered under the township zoning ordinance to grant special exception uses, including uses not specifically mentioned in the ordinance. The legislative grant of that power to create special exception uses was not an improper delegation of legislative power to an administrative body.

2. The record does not establish that the Board of Zoning Appeals abused its discretion in making its determination;

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Zoning and Planning §§ 281-287.
[2] 82 Am Jur 2d, Zoning and Planning §§ 258, 282.
[3] 82 Am Jur 2d, Zoning and Planning § 358.

accordingly, that determination will not be overturned on appeal.

Affirmed.

1. ZONING — SPECIAL EXCEPTION USES.

Special exception uses under zoning ordinances are uses which are specifically permitted in a given district under specified circumstances.

2. ZONING — SPECIAL EXCEPTION USES — ZONING BOARD OF APPEALS.

A legislative body may not delegate to a zoning board of appeals unlimited authority to create special exception uses; however, a zoning board of appeals can be granted the power to create special exception uses where the zoning ordinance sets forth the parameters under which such uses may be granted.

3. ZONING — ZONING BOARD OF APPEALS — APPEAL.

Determinations of a zoning board of appeals should be overturned only where it is clear that the board of zoning appeals abused its discretion; the determination of a zoning board of appeals is not erroneous merely because a court, on the same facts, might arrive at a different result.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Henry J. Maher),* and *Gromek, Bendure & Thomas* (by *Judith A. Curtis),* of counsel, for plaintiffs.

*James A. Marcus* and *J. Anthony Sykora,* for defendant.

Before: MACKENZIE, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant Turner's application for a variance and special exception use was granted by the Marion Township Zoning Board of Appeals. The trial court affirmed the decision, and the plaintiffs appeal by right.

Plaintiffs and defendant Turner are owners of property in Marion Township, Sanilac County, which is zoned agricultural-residential under the Marion Township Zoning Ordinance adopted in

August, 1975. Defendant Turner's principal occupation is a family trucking business which hauls agricultural products almost exclusively. He applied for and was granted a building permit to construct a building on his property to be used for the storage and repair of his trucks. Plaintiffs, upon learning that defendant Turner intended to operate his trucking business from the building, sued for injunctions to restrain defendant Marion Township from allowing the property to be used in nonconformance with the zoning ordinance and to restrain defendant Turner from occupying his property in violation of the zoning ordinance. During the pendency of this suit, defendant Turner completed construction of the building and applied to the Marion Township Zoning Board of Appeals for a variance and special exception use. Both were granted.

There are two issues on appeal. The first issue concerns whether defendant Turner's request to operate his trucking business on property zoned agricultural-residential constituted a request for a special exception use which the board of appeals was empowered to grant. The second issue concerns whether the board's decision to grant the special exception use was arbitrary and capricious or, rather, whether the decision was supported by competent, substantial evidence. We agree with the trial court's finding that the board of appeals acted within its scope of authority in granting the special exception use and that the decision was supported by competent, substantial evidence.

Plaintiffs' claim that the Marion Township Zoning Board of Appeals had no authority to grant a special exception use for defendant Turner's trucking business rests upon two theories. First, plaintiffs argue that the proposed use did not fall

within the specific provisions for special exception uses found in the Marion Township Zoning Ordinance. Second, plaintiffs argue that the Board of Appeals had no authority to create such an exception.

The zoning ordinance grants to the board of appeals the authority to hear and decide petitions for special exception uses, § 6.2(d). Special exception uses are uses of land which are specifically permitted in a given district by the zoning ordinance, but only under certain circumstances. *Room & Board Homes & Family Care Homes, Operators & Owners v Mayor of Detroit,* 67 Mich App 381, 385; 241 NW2d 216 (1976). Special exception uses are defined in § 4 of the ordinance as follows:

"SPECIAL EXCEPTION USES: Uses of land and/or buildings, because of their particular nature and due to certain circumstances are designated as exceptions, and may be permitted to become established within those districts as specified in this ordinance."

Section 8.23 of the ordinance lists the special exception uses permitted in the agricultural-residential district:

"SPECIAL EXCEPTION USES:
"a. Churches, cemeteries, parochial and private schools.
"b. Eleemosynary, charitable and philanthropic institutions.
"c. Golf courses, private noncommerical clubs.
"d. Public utility buildings and structures necessary for the service of the community * * *."

It is clear that defendant Turner's trucking business does not fall within the specifically enumer-

ated special exception uses permitted in the agricultural-residential district. However, the zoning ordinance does not limit the board of appeals authority to grant special exceptions to cases involving only a use specified in the ordinance.

The board is empowered under the ordinance to add to the list of special use exceptions those exceptions deemed necessary to protect adjacent properties, the general neighborhood, and its residents and workers, § 9.84. Therefore, the board of appeals had clear authority to consider defendant Turner's application for a special exception use not listed in § 8.23. Plaintiffs argue that only a legislative body may determine permissible uses of land and the legislative body may not delegate this power to an administrative body, such as a board of appeals. *Florka v Detroit,* 369 Mich 568; 120 NW2d 797 (1963). Plaintiffs would be correct if the local legislative body had given the board of appeals unlimited authority to create special exception uses. However, the board of appeals authority to grant special exception uses is limited by § 9.83(b) which provides:

"A special exception may be granted when the Board of Appeals finds from the evidence produced at the hearing that:

"1. The proposed use does not affect adversely the General Plan for physical development of MARION TOWNSHIP as embodied in this ordinance and in any Master Plan or portion thereof adopted by MARION TOWNSHIP.

"and

"2. The proposed use will not affect adversely the health and safety of residents or workers in the area and will not be detrimental to the use or development of adjacent properties or the general neighborhood.

"3. The standards as may be set forth for a particular

use for which a special exception may be granted can and will be met by the applicant."

Within these broad parameters, it is clear that the sponsors of the zoning ordinance intended to create a viable, flexible land use plan. This is evidenced by the section explaining special exception uses, § 9.81, which states:

"SPECIAL EXCEPTION EXPLANATION: In order to make this ordinance flexible to meet the needs of changing trends and development and new technology, the Board of Appeals is authorized to approve the establishment of special exception uses. In this way, the ordinance does not become a rigid document, that cannot be altered, but serves as a guideline upon which the Zoning Board of Appeals may make enlightened judgments keeping developments within the general philosophy of this ordinance. *Land and structure uses not specifically mentioned in the foregoing text or possessing unique characteristics may be designated as special uses and, as such, may be authorized by the issuance of a special exception with such conditions and safeguards attached as may be deemed necessary for the protection of the public welfare.*" (Emphasis added.)

These sections of the zoning ordinance show that the board of appeals had the authority to create a special exception use for defendant Turner's trucking business, provided the use met the standards set out in § 9.83(b), *supra.*

Plaintiff also argues that the board of appeals decision was not supported by competent, substantial evidence, and thus was arbitrary and capricious. The trial court found sufficient evidence existed on the record to sustain the board's determination. We agree. The ordinance states in § 8.21 that agriculture will be the principal land use in the district in the foreseeable future. It was within the board's discretion to determine that defendant

Turner's transportation of local agricultural products supports the agricultural use of the land and was no more intrusive than neighboring farm operations. As the Supreme Court stated in *Mitchell v Grewal,* 338 Mich 81, 92; 61 NW2d 3 (1953):

"It does not follow that, because trial and appellate courts might, on the same facts, arrive at different results, that the action of a Board of Zoning Appeals is erroneous. A different result can only be imposed where it is clear that the Board of Zoning Appeals abused its discretion."

We find no abuse of discretion or any arbitrary action on the part of the board.

Affirmed.