PARAGON PROPERTIES COMPANY v CITY OF NOVI

Docket No. 100064. Argued January 9, 1996 (Calendar No. 4). Decided
    July 23, 1996. Rehearing denied 453 Mich 1215.

Paragon Properties Company brought an action in the Oakland Cir-
    cuit Court against the City of Novi, claiming that the city's denial of
    its request to rezone certain real property from large-lot, single-
    family residential use to mobile home use effected an unconstitu-
    tional taking. The court, John N. O'Brien, J., denied the city's
    motion for summary disposition, holding that its argument that the
    denial was not a final decision had not been timely raised, and that
    because the case involved zoning and not a variance, the plaintiff
    had exhausted its administrative remedies. Following a bench trial,
    the court entered judgment for the plaintiff. The Court of Appeals,
    TAYLOR, P.J., and HOOD and B. A. JASPER, JJ., reversed in an opinion
    per curiam, finding that the plaintiff's constitutional claim was not
    ripe for review because it had not sought a variance from the zon-
    ing board of appeals and had not brought a state inverse condem-
    nation action (Docket No. 136645). The plaintiff appeals.

    In an opinion by Justice WEAVER, joined by Chief Justice
BRICKLEY, and Justices BOYLE, RILEY, and MALLETT, the Supreme
Court held:

    Because Paragon failed to obtain a final decision from which an
actual or concrete injury can be determined, its constitutional
claim is not ripe for review.

    1. The zoning enabling act establishes procedures for the enact-
ment, amendment, and administration of zoning ordinances. It pro-
vides for administrative relief from the application of an ordinance.
The discretionary authority to enact a zoning ordinance and to
adopt a zoning map rests with the legislative body of a city or vil-
lage. That body may amend a zoning ordinance by a text change or
alter a zoning map through rezoning. The legislative body of a city
or village may also have discretionary authority to temper the
effect of a zoning ordinance through special land use permits or
planned unit development. A zoning board of appeals further may
grant administrative relief from the strict application of an ordi-
nance in the form of land use variances. A land use variance essen-
tially is a license to use property in a way not permitted under an

ordinance. Although a variance cannot change a zoning district classification or amend a zoning ordinance, its effect is similar to rezoning because it typically runs with the land. Land use variances, when properly utilized, function interdependently with other zoning ordinance provisions to ensure that the spirit of the ordinance is observed, public safety secured, and substantial justice done.

2. Although the police power allows the government to regulate land use, the Fifth Amendment requires that compensation be paid if a government regulation unreasonably shifts social costs to an individual or individuals. A claim for compensation may allege that an ordinance is confiscatory as applied or on its face. Finality is not required for facial challenges because such challenges attack the very existence or enactment of an ordinance. A challenge to the validity of a zoning ordinance as applied, however, is subject to the rule of finality, requiring that a landowner who challenges the constitutionality of a zoning ordinance as applied obtain a final decision from which an actual and concrete injury can be determined and pursue a state inverse condemnation claim before the claim will mature. The finality requirement aids in determining whether a taking has occurred by addressing the actual economic effect of a regulation on the property owner's investment-backed expectations, as distinguished from financial speculation. Factors affecting such expectations cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular property in question. The requisite inquiry is whether the decision, conditional or unconditional, inflicted an actual, concrete injury.

3. In this case, the city's denial of the rezoning request is not a final decision because, absent a request for a variance, there is no information regarding the potential uses of the property that might have been permitted, nor is there information regarding the extent of the injury that the plaintiff may have suffered as a result of the ordinance. While the zoning board of appeals does not have statutory authority to amend a zoning ordinance, it has administrative authority to permit uses that otherwise would not be permitted under a zoning ordinance. Variances are to be granted sparingly when the ordinance as applied creates practical difficulties or unnecessary hardship for the property for which the variance is sought. However, the statute does not require that only a single ownership parcel of land be affected by unique or peculiar circumstances to qualify for relief.

Affirmed.

Justice CAVANAGH, joined by Justice LEVIN, dissenting, stated that because the denial by the Novi City Council of the plaintiff's request to rezone its property constituted the final legal decision available with regard to the actual substance of the plaintiff's request, the plaintiff should not be required to seek a use variance.

This case does not involve a request for a use variance; rather, it is a rezoning case. The zoning board of appeals has no authority to rezone property; the city council alone has the power to rezone. The Novi City Council's denial of plaintiff's rezoning request was a final decision on the actual issue presented by plaintiff's complaint, i.e., the constitutionality of the challenged zoning ordinance. Furthermore, the Novi Zoning Board of Appeals was precluded by the zoning enabling act and the Novi Zoning Ordinance from granting the relief sought. The plaintiff's request for rezoning is the accurate characterization of the substance of that request, a characterization that is the necessary prerequisite to a proper application of the relevant law. The plaintiff was not asking for a variance from the present zoning classification; rather, plaintiff sought to have the property rezoned to another, distinct zoning classification.

The legislative function of establishing land use zones by ordinance can be exercised only by the city through its city council. In addition, it has the power to circumscribe the conditions under which a zoning board of appeals may grant variances. Under the ordinances governing this case, the Novi Zoning Board of Appeals is unable to grant the relief sought. Further, while, pursuant to the zoning enabling act and the municipal zoning ordinance, the zoning board of appeals is permitted to grant a land use variance where it is clearly shown that the land could not be used for a zoned use, it does not have the power to alter or change the zoning classification of any property.

206 Mich App 74; 520 NW2d 344 (1994) affirmed.

*Hyman & Lippitt, P.C.* (by *Norman L. Lippitt, H. Joel Newman,* and *Roger L. Myers*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gail P. Massad*), for the defendant.

Amici Curiae:

*Norman     Hyman,    David  W.   Berry,    Susan
Friedlaender*, and *Kevin Kohls* for the Real Property
Section of the State Bar of Michigan.

*Johnson,   Rosati,   Galica,   Shifman,   LaBarge,
Aseltyne, Sugameli & Field, P.C.* (by *Carol A. Rosati*
and *Marcia L. Howe*), for the Michigan Municipal
League.

*Kohl,  Secrest,  Wardle,  Lynch,  Clark  &  Hampton*
(by *Gerald A. Fisher*) for the Public Corporation Law
Section of the State Bar of Michigan.

WEAVER, J. Plaintiff Paragon Properties Company
claims that the Novi zoning ordinance as applied to
Paragon's property effected an unconstitutional tak-
ing. This claim requires examination of whether the
Novi City Council's denial of Paragon's request to
rezone its property was a final decision appealable to
the circuit court. We find it was not, and that Para-
gon's constitutional claim is not ripe for review. The
Court of Appeals is affirmed.

I

Paragon Properties purchased a seventy-five acre
parcel in 1980 for $150,000. The property was vacant,
unimproved, and not served by city water or sewer.
The property was zoned for large-lot, single-family
residential use.

Paragon's property is located in the northwest cor-
ner of the City of Novi at the intersection of Napier
and Twelve Mile Roads. Across Napier Road and to
the west of Paragon's parcel in Lyon Township is an
active gravel pit operation. The property to the north
across Twelve Mile Road, located in the City of
Wixom, is zoned for industrial use. The property to

the east and south of Paragon's parcel is located in
the City of Novi. The property immediately to the east
of Paragon's is undeveloped, but zoned for residential
use, and the property to the south is zoned and devel-
oped for mobile home use.

In May 1984, Paragon submitted a request to the
Planning Board of the City of Novi to rezone the
property from a single-family residential zone to a
mobile home district zone. The planning board held a
public hearing in August 1984 and recommended that
the rezoning request be denied. At a subsequent pub-
lic hearing, the Novi City Council denied Paragon's
request.

Paragon filed its initial complaint in Oakland Cir-
cuit Court in 1985. That case was dismissed without
prejudice in February 1989. In June 1989, Paragon
again filed a complaint in Oakland Circuit Court alleg-
ing that the property had no economic potential for
development as zoned because of adjacent industrial
uses and poor drainage conditions; the highest and
best use of the property would be for mobile home
development; as applied to the property, the zoning
ordinance was unreasonable, confiscatory, discrimi-
natory; and the ordinance unconstitutionally deprived
Paragon of its property in violation of the Due Pro-
cess Clauses of the Michigan and federal
constitutions.

Novi moved for summary disposition, arguing that
the case should be dismissed because Paragon had
failed to seek a use variance from the Novi Zoning
Board of Appeals and, therefore, had not obtained a
final decision regarding the potential uses of the
property. The circuit court denied Novi's motion,
holding that the finality argument had not been timely

raised[1] and that, because this was a zoning case and not a variance case, Paragon had exhausted its administrative remedies.

The case proceeded to trial in July 1990. The circuit court held that the zoning ordinance as applied to Paragon's property effected an unconstitutional taking and entered a judgment against Novi for $198,930 plus attorney fees. Novi moved unsuccessfully for a judgment notwithstanding the verdict and a new trial. Novi then filed its appeal with the Court of Appeals. The Court of Appeals reversed the circuit court on the grounds that Paragon's constitutional claim was not ripe for review because Paragon had not sought a variance from the zoning board of appeals and had not brought a state inverse condemnation action. 206 Mich App 74; 520 NW2d 344 (1994).

II

The zoning of land is a reasonable exercise of government police power. *Village of Euclid, Ohio v Ambler Realty Co*, 272 US 365; 47 S Ct 114; 71 L Ed 303 (1926). *Euclid* upheld the enforcement of a zoning ordinance, reasoning that modern pressures on land use have created sufficient public interest in the segregation of incompatible land uses to justify a diminution in property values. *Id.* at 386-390. The Michigan zoning enabling act, MCL 125.581 *et seq.*; MSA 5.2931 *et seq.*, establishes procedures for the enactment, amendment, and administration of zoning ordinances.

---

[1] The circuit court later permitted Novi to amend its pleading to include the ripeness issue, finding that the amendment would not prejudice Paragon. Order entered June 20, 1990.

Because zones established by ordinance will not always reflect the realities of all land controlled by a zoning ordinance, the enabling act provides for administrative relief from the application of an ordinance. The discretionary authority to enact a zoning ordinance and to adopt a zoning map rests with the legislative body of a city or village. MCL 125.584(4); MSA 5.2934(4). The legislative body may amend a zoning ordinance by a text change or alter a zoning map through a rezoning. *Id.* The legislative body of a city or village may also have the discretionary authority to temper the effect of a zoning ordinance through special land use permits, MCL 125.584a; MSA 5.2934(1), or planned unit development, MCL 125.584b; MSA 5.2934(2). Further, the zoning board of appeals may grant administrative relief from the strict application of the ordinance in the form of land use variances. MCL 125.585(9); MSA 5.2935(9).

Pursuant to the enabling act, Novi's zoning ordinance reserves the power to rezone land within Novi to the Novi City Council.[2] Also pursuant to the enabling act, Novi's zoning ordinance authorizes the Novi Zoning Board of Appeals to grant a land use variance

---

[2] MCL 125.581(1); MSA 5.2931(1) states:

The legislative body of a city or village may regulate and restrict the use of land and structures; to meet the needs of the state's residents for food, fiber, energy and other natural resources, places of residence, recreation, industry, trade, service, and other uses of land; to insure that uses of the land shall be situated in appropriate locations and relationships; to limit the inappropriate overcrowding of land and congestion of population and transportation systems and other public facilities; to facilitate adequate and efficient provision for transportation systems, sewage disposal, water, energy, education, recreation, and other public service and facility needs; and to promote public health, safety, and welfare . . . .

where "it is clearly shown that the land cannot be used for a zoned use . . . ." Novi Zoning Ordinance, § 3104(1). A land use variance essentially is a license to use property in a way not permitted under an ordinance.[3] The zoning board of appeals has the authority to allow a use in a zoning district that would not otherwise be allowed.[4] See, e.g., Novi Zoning Ordinance, § 3104(1). However, variances should be sparingly granted so that the grant of one variance in an area where many parcels are similarly situated does not result in a material change to the zoning district. *Puritan-Greenfield Ass'n v Leo*, 7 Mich App 659, 671; 153 NW2d 162 (1967). Although, the grant of a land use variance cannot change the zoning district classification or amend the zoning ordinance, the effect of a land use variance is similar to rezoning because variances typically run with the land. 2 Cameron, Michigan Real Property (2d ed), § 23.12, p 1070.

Zoning ordinances, combined with mechanisms like land use variances, enable local governments to more adeptly manage land within their jurisdictions.[5] Land

---

[3] 2 Cameron, Michigan Real Property (2d ed), § 23.12, p 1069. See also *Nat'l Boatland, Inc v Farmington Hills Zoning Bd of Appeals*, 146 Mich App 380, 387; 380 NW2d 472 (1985) (defining a use variance as permitting a use of land that the zoning ordinance would otherwise proscribe).

[4] Cases in which variances for uses other than those permitted in a zoning district include: *O'Keefe v ZBA of City of East Grand Rapids*, 35 Mich App 583; 192 NW2d 509 (1971) (a medical office building variance was granted in residential zone); *Beatrice Block Club Ass'n v Facen*, 40 Mich App 372; 198 NW2d 828 (1972) (an electrical contractor's shop and building was allowed in residential zone); *Reilly v Marion Twp*, 113 Mich App 584; 317 NW2d 693 (1982) (a trucking business was allowed in an agricultural/residential zone through a special use exception granted by the zoning board of appeals).

[5] The enabling act also provides for possible relief from the application of an ordinance by appeal to the circuit court from a variety of decisions under a zoning ordinance. The enabling act specifically anticipates appeals to the circuit court from decisions of the legislative body of a city

use variances, when properly utilized, function inter-dependently with other zoning ordinance provisions to ensure that the "spirit of the ordinance shall be observed, public safety secured, and substantial justice done." MCL 125.585(9); MSA 5.2935(9).

III

Although the police power allows the government to regulate land use, the Fifth Amendment requires that compensation be paid if a government regulation unreasonably shifts social costs to an individual or individuals. *Village of Euclid, supra* at 387. A claim for compensation may allege that an ordinance is confiscatory "as applied" or "on its face." A facial challenge alleges that the mere existence and threatened enforcement of the ordinance materially and adversely affects values and curtails opportunities of all property regulated in the market. *Id.* at 395. An "as applied" challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution. *Id.*

A challenge to the validity of a zoning ordinance "as applied," whether analyzed under 42 USC 1983 as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality. *Lake Angelo Associates v White Lake Twp*, 198 Mich App 65, 70; 498 NW2d 1 (1993), citing *Williamson Co Regional Planning Comm v Hamilton Bank of John-*

---

regarding nonconforming uses under MCL 125.583a; MSA 5.2933(1), and for appeals from decisions of the zoning board of appeals under MCL 125.585(11); MSA 5.2935(11).

*son City*, 473 US 172, 186; 105 S Ct 3108; 87 L Ed 2d
126 (1985).[6]

> [T]he finality requirement is concerned with whether the
> initial decisionmaker has arrived at a definitive position on
> the issue that inflicts an actual, concrete injury . . . .[7]

Finality is not required for facial challenges because
such challenges attack the very existence or enact-
ment of an ordinance. *Beacon Hill Farm Associates v
Loudoun Co Bd of Supervisors*, 875 F2d 1081 (CA 4,
1989).

*Williamson* articulated the need for finality in the
context of land use regulation. In *Williamson*, a prop-
erty owner obtained preliminary approval of a resi-
dential subdivision plat from the planning commis-
sion. The planning commission later amended its
ordinance, reducing the allowable density permitted
on the land, and, therefore, disapproved the property
owner's subsequent plats. The property owner sued in
federal district court, alleging that the ordinance
effected an unconstitutional taking as applied to his
property.[8] However, because the property owner in
*Williamson* failed to seek alternative relief, in the
form of variances, available under the zoning ordi-
nance, the Court concluded that the property owner's
claim was not ripe for review.[9]

---

[6] Additional cases relying on *Williamson's* finality requirements
include: *MacDonald, Sommer & Frates v Yolo Co*, 477 US 340; 106 S Ct
2561; 91 L Ed 2d 285 (1986); *Kinzli v Santa Cruz*, 818 F2d 1449 (CA 9,
1987); *Unity Ventures v Lake Co*, 841 F2d 770 (CA 7, 1988).

[7] *Williamson, supra* at 193.

[8] *Id.* at 186.

[9] *Id.* at 193-194 stated:

*Williamson* further requires that a landowner challenging the constitutionality of a zoning ordinance as applied to pursue a state inverse condemnation claim before the claim will mature. *Williamson, supra* at 192-197.[10] This Court expressly adopted the *Williamson* finality requirements in *Electro-Tech, Inc v H F Campbell Co*, 433 Mich 57, 81-91; 445 NW2d 61 (1989).

In *Electro-Tech*, a landowner claimed that the City of Westland had taken his property without just compensation or due process of law when it imposed several conditions on his development. The landowner later failed to submit a final site plan for approval. The Court held: "[U]ntil . . . the council's objections . . . are addressed and finally resolved . . . it is impossible to accurately determine the extent to which the plaintiff's land retained any reasonable beneficial use or the extent to which the plaintiff's expectation interest had been destroyed." *Id.* at 85.

The finality requirement aids in the determination whether a taking has occurred by addressing the actual economic effect of a regulation on the property owner's investment-backed expectations.[11] As noted in *Williamson,* factors affecting a property owner's

---

The Commission's refusal to approve the preliminary plat does not determine that issue; it prevents respondent from developing its subdivision without obtaining the necessary variances, but leaves open the possibility that respondent may develop the subdivision according to its plat after obtaining variances. In short, the Commission's denial of approval does not conclusively determine whether respondent will be denied all reasonable beneficial use of its property, and therefore is not a final, reviewable decision.

[10] We need not address the issue whether Paragon has pursued an inverse condemnation claim because we find that Paragon failed to obtain a final decision regarding the full effect of Novi's zoning ordinance on the use of Paragon's land.

[11] *Williamson, supra* at 193.

investment-backed expectations "simply cannot be
evaluated until the administrative agency has arrived
at a final, definitive position regarding how it will
apply the regulations at issue to the particular land in
question."[12] Investment-backed expectations are dis-
tinguishable from mere financial speculation.[13]

Paragon claims that the Novi City Council's deci-
sion to deny Paragon's rezoning request was a final
decision as contemplated by *Electro-Tech* because the
city council is the initial decisionmaker regarding
rezoning requests. For further support, Paragon
attempts to distinguish the city council's "uncondi-
tional" denial of rezoning from the "conditional"
approval of the site plan in *Electro-Tech*, which this
Court held was not a final decision. However Para-
gon's attempt to distinguish *Electro-Tech* oversimpli-
fies the legal finality issue and ignores a requisite
inquiry into finality: whether the decision, conditional

---

[12] *Id.* at 191. See also *Herrington v Sonoma Co*, 834 F2d 1488, 1494 (CA
9, 1987), which stated:

In land use challenges, the doctrine of ripeness is intended to
avoid premature adjudication or review of administrative action. It
rests upon the idea that courts should not decide the impact of reg-
ulation until the full extent of the regulation has been finally fixed
and the harm caused by it is measurable.

[13] The Taking Clause does not guarantee property owners an economic
profit from the use of their land. See, e.g., *Sun Oil Co v Madison Heights*,
41 Mich App 47, 56; 199 NW2d 525 (1972). Indeed, courts are not espe-
cially competent to engage in profit prediction for land speculators, thus
"[t]he interest in anticipated gains has traditionally been viewed as less
compelling than other property-related interests." *Andrus v Allard*, 444 US
51, 66; 100 S Ct 318; 62 L Ed 2d 210 (1979). Furthermore, the mere dimi-
nution of property value by application of regulations without more does
not amount to an unconstitutional taking. *Penn Central Transportation
Co v City of New York*, 438 US 104; 98 S Ct 2646; 57 L Ed 2d 631 (1978).
See also *Lamb v City of Monroe*, 358 Mich 136, 144; 99 NW2d 566 (1959).

or unconditional, inflicted "an actual, concrete injury."
*Williamson, supra* at 193.

The City of Novi's denial of Paragon's rezoning
request is not a final decision because, absent a
request for a variance, there is no information regard-
ing the potential uses of the property that might have
been permitted, nor, therefore, is there information
regarding the extent of the injury Paragon may have
suffered as a result of the ordinance.[14] While, the city
council's denial of rezoning is certainly a decision, it
is not a final decision under *Electro-Tech* because had
Paragon petitioned for a land use variance, Paragon
might have been eligible for alternative relief from the
provisions of the ordinance.[15]

While Paragon correctly characterizes Novi's rezon-
ing denial as a legislative act rather than an adminis-
trative decision, this distinction does not resolve the
finality issue. Requiring Paragon to seek a variance
from the zoning board of appeals after the city coun-
cil's rezoning denial does not result in an invasion of
the legislative authority of the city council to enact
and amend zoning ordinances. That the zoning board
of appeals does not have the statutory authority to
amend a zoning ordinance does not render it incapa-

---

[14] This is not a case in which all development of the land was physi-
cally impossible by application of the ordinance. See, e.g., *Robyns v City
of Dearborn*, 341 Mich 495; 67 NW2d 718 (1954). Nor is this a case involv-
ing exclusionary zoning. See, e.g., *English v Augusta Twp*, 204 Mich App
33; 514 NW2d 172 (1994), and MCL 125.592; MSA 5.2942.

[15] Moreover, neither a city council's decision to rezone land nor a zon-
ing board of appeals' decision to grant a variance is relevant to the consti-
tutionality or unconstitutionality of an ordinance's provisions. However,
such decisions do enlighten a court's review when a question of constitu-
tional proportion is properly raised.

ble of offering an alternative form of relief to Paragon.[16]

The Legislature specifically intended that the zoning board of appeals have the administrative authority to permit uses that would otherwise not be permitted under a zoning ordinance.

> If there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the ordinance, the board of appeals may in passing upon appeals vary or modify any of its rules or provisions relating to . . . the use of land . . . so that the spirit of the ordinance shall be observed, public safety secured, and substantial justice done.[17]

The decision of the city council on the rezoning request in no way diminished the zoning board of appeals' authority to grant a variance if Paragon pursued that alternative form of relief. Were the zoning board of appeals to deny Paragon's request, relief in the form of an appeal to the circuit court is authorized by statute. MCL 125.585(11); MSA 5.2935(11).

Finally, Paragon asserts that it would have been futile to seek a use variance from Novi's Zoning Board of Appeals because the issues associated with its property affect other properties in the neighbor-

---

[16] The United States Court of Appeals for the Sixth Circuit rejected a similar argument in *Sequin v Sterling Heights*, 968 F2d 584, 588 (CA 6, 1992). Landowners challenged the finality requirement, claiming that the zoning board of appeals was "impotent" to grant a variance because that would amount to amending the zoning ordinance. The court responded:

> Their argument that the Board of Zoning Appeals is "impotent" to grant variances runs directly counter to . . . the Sterling Heights Zoning Ordinance, which specifically provides that the Board can grant a variance under certain circumstances.

[17] MCL 125.585(9); MSA 5.2935(9).

hood.[18] The zoning enabling act allows for variances only when the ordinance as applied creates "practical difficulties or unnecessary hardship." MCL 125.585(9); MSA 5.2935(9). Paragon relies on *Puritan-Greenfield*, *supra* at 671, which construed the hardship requirement of MCL 125.585(9); MSA 5.2935(9) in conjunction with the general principle that variances should be sparingly granted, and concluded that the hardship must be "unique or peculiar to the property for which the variance is sought."

The principle that variances should be sparingly granted is based on the possibility that granting a variance to a single landowner suffering a plight common to neighboring property could undermine the broad goals of a zoning ordinance by precipitating a series of variance requests. However, the statute does not require that "only a single ownership parcel of land be affected by the unique circumstances in the neighborhood in order to qualify for relief . . . ." *Beatrice Block Club Ass'n v Facen*, 40 Mich App 372, 381; 198 NW2d 828 (1972). The zones created by ordinance cannot be expected to conform exactly to the physical boundaries of "problems" associated with land. It would be inappropriate and an undue limitation of the available statutory relief to strictly

---

[18] Paragon claimed that its property and the surrounding properties suffered poor drainage, making the development of large-lot, single-family residences financially infeasible. While there is some evidence in the record to support the contention that there are drainage issues at the site and surrounding sites, there is no information regarding how the land might be developed in light of the alleged limitations.

apply *Puritan-Greenfield*'s uniqueness concept in this case.[19] Thus we reject Paragon's futility argument.

CONCLUSION

Because Paragon failed to obtain a final decision from which an actual or concrete injury can be determined, its constitutional claim is not ripe for review. The judgment of the Court of Appeals is affirmed.

BRICKLEY, C.J., and BOYLE, RILEY, and MALLETT, JJ., concurred with WEAVER, J.

CAVANAGH, J. (*dissenting*). Repeat after me: "This is a rezoning case. This case does *not* involve a request for a use variance. The city council *alone* has the power to rezone. The zoning board of appeals has *no* authority to rezone property." If these basic principles are kept in mind, the "ripeness" argument is seen as the pointless waste of time and resources that it is.

The majority holds that "[b]ecause Paragon failed to obtain a final decision from which an actual or concrete injury can be determined, its constitutional claim is not ripe for review." *Ante*, p 583. Under long-standing precedent of this Court, the Novi City Council's denial of plaintiff's rezoning request was a final decision on the actual issue presented by plaintiff's complaint in this case, i.e., the constitutionality of the challenged zoning ordinance. Furthermore, the Novi Zoning Board of Appeals is precluded by the zoning enabling act, MCL 125.581 *et seq.*; MSA 5.2931 *et seq.*, and the Novi Zoning Ordinance from granting the relief sought. Accordingly, I dissent from the major-

---

[19] This opinion is not intended to decide the appropriateness of a land use variance in this case, nor to modify in any way the standards to be applied by zoning boards of appeal in their variance request decisions.

ity's conclusion that the merits of plaintiff's constitutional challenge to the Novi Zoning Ordinance are not ripe for appellate review.

I

The statement of facts in the majority opinion contains what I perceive as the essential fact in resolving the case before us.

> In May 1984, Paragon submitted a request to the Planning Board of the City of Novi to rezone the property from a single-family residential zone to a mobile home district zone. The planning board held a public hearing in August 1984 and recommended that the rezoning request be denied. At a subsequent public hearing, the Novi City Council denied Paragon's request. [*Ante*, p 572.]

Plaintiff's request for rezoning is the accurate characterization of the substance of that request, a characterization that is the necessary prerequisite to a proper application of the relevant law. What plaintiff wants is its property rezoned from large lot, single family to mobile home, a totally distinct zoning classification and a difference that exceeds the applicability of a use variance. At the hearing on defendant's request for summary judgment, plaintiff's counsel specifically advised the trial court that plaintiff was not asking for a variance from the present zoning classification; rather, plaintiff sought to have the property rezoned to another, distinct zoning classification.

II

In *Long v Highland Park*, 329 Mich 146; 45 NW2d 10 (1950), the plaintiffs filed a complaint in circuit court, seeking a declaratory judgment that a zoning ordinance was unconstitutional. The defendant, on

appeal in this Court, claimed that the courts were without jurisdiction because "the plaintiffs had not exhausted their remedy under the provisions of the zoning ordinance by applying for a building permit, seeking relief from the zoning board of appeals, the zoning commission, and the common council of the city."[1] *Id.* at 149. This Court held that "[t]here is no merit in the claim." *Id.* The Court's conclusion was based, in relevant part, on the fact that the relevant municipal authorities "could not grant the relief here sought." *Id.* This exact situation obtains in the case at bar. Paragon's complaint alleged that "the zoning ordinance of the City of Novi as applied to Plaintiff's Property is unconstitutional and is void," that "the actions of the City of Novi in refusing to rezone Plaintiff's Property to permit the use as a mobile home park are unreasonable, oppressive and a discriminatory exercise of the City's police power insofar as it affects Plaintiff and Plaintiff's Property," and requested that the circuit court "enter judgment finding that the zoning ordinance of the City of Novi as applied to Plaintiff's Property described in this Complaint is an unconstitutional abuse of the police power and is null and void."

Plaintiff wants its property rezoned; it wants to use its property in accordance with a zoning classification (mobile home) that is wholly distinct from the zoning classification (large lot, single family) being challenged in this case. Rezoning is beyond the power of

---

[1] There is no indication in the *Long* opinion that the plaintiffs made a rezoning request to the Highland Park City Council. Because such a rezoning request was made in this case, there is no need to consider whether *Long* and other decisions of this Court should be overruled to require that there always be a request for rezoning.

a zoning board of appeals, and the "use" to which plaintiff wants to put its land is plainly beyond the permissible scope of any use variance the Novi Zoning Board of Appeals could grant.

### III

### A

The charter of the City of Novi enumerates those subjects that "the City shall have power with respect to" and those that the city "may, by ordinance or other lawful acts of its officers, provide for . . . ." Novi City Charter, § 2.2. Relevant to this case is subsection 1, which confers on the city the power of

> [e]stablishing districts or zones within which use of land and structures, the height, the area, the size and location of buildings and required open spaces for light and ventilation of such buildings and the density of population may be regulated by ordinances in accordance with statutory provisions governing zoning; and to prescribe by ordinance, method of enforcement of conditions imposed by the Board of Appeals on applications for variances or for certificates or licenses under provisions of a zoning ordinance . . . . [*Id.*, § 2.2(l).]

The legislative function of establishing land use zones by ordinance can be exercised only by the city through its legislative body, the city council.[2] And

---

[2] Any such major change in the use of property, as requested here (i.e., single family residential to mobile home park), would also be subject to § 7.8 of the Novi City Charter, which allows objecting citizens to call for a referendum on such a legislative determination. If, as the majority thinks possible, the zoning board of appeals, without amendment of the current zoning ordinance, grants plaintiff the relief it seeks and allows its "use" to be changed to mobile homes, there would be no ordinance regarding which objecting citizens could exercise their charter-based right of referendum.

also within this legislative compass is the power to circumscribe the conditions under which a zoning board of appeals may grant use variances. Under the ordinances governing this case, the Novi Zoning Board of Appeals is unable to grant the relief plaintiff seeks.

B

The authority under which municipalities enact zoning ordinances is the state zoning enabling act. The provision of that act relevant to the issue before us states:

> If there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the ordinance, the board of appeals may in passing upon appeals vary or modify any of its rules or provisions relating to the construction, or structural changes in, equipment, or alteration of buildings or structures, or the use of land, buildings, or structures, so that the spirit of the ordinance shall be observed, public safety secured, and substantial justice done. [MCL 125.585(9); MSA 5.2935(9).]

Pursuant to this authority, the Novi City Council enacted § 3104 of its municipal code, which, as the majority duly notes (*ante*, p 575), provides that the Novi Zoning Board of Appeals may grant a land use variance where "it is clearly shown that the land cannot be used for a zoned use . . . ." A more complete quotation of § 3104, however, demonstrates the legal basis for my dissent.

> The Zoning Board of Appeals shall not have the power to alter or change the zoning district classification of any property, nor to make any change in the terms of this Ordinance but shall have the power to authorize a use in a zoning district in which it is not otherwise permitted, provided

it is clearly shown that the land cannot be used for a zoned
use . . . . [Novi Zoning Ordinance, § 3104(1).]

Plaintiff does not argue that the land cannot be used
for large-lot, single family development. Rather, plaintiff's claim is that such development is not economically feasible. It, therefore, might even be questionable whether plaintiff would satisfy the threshold requirements for the Novi Zoning Board of Appeals to consider the possibility of granting a use variance.

Subsection 1(b) of § 3104 further specifies the permissible bases for the Novi Zoning Board of Appeals to grant a land use variance:

To authorize, upon an appeal, a variance from the strict application of the provisions of this Ordinance where by reason of exceptional narrowness, shallowness, shape or area of a specific piece of property at the time of enactment of this Ordinance or by reason of exceptional topographic conditions or other extraordinary or exceptional conditions of such property, the strict application of the regulations enacted would result in peculiar or exceptional practical difficulties to or exceptional undue hardship upon the owner of such property provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of this Ordinance.

In my opinion, no plausible interpretation of these carefully defined and exacting standards could allow the Novi Zoning Board of Appeals to grant plaintiff's rezoning request in the guise of a use variance.

C

Disastrous results will flow from the majority's requirement that every rezoning request must be run through a zoning board of appeals. These boards are

comprised of citizen appointees with no required expertise in land use or planning. They review each request for a variance *as presented.* They have no staff of expert or professional planners. They do *not,* nor are they required to, explore the variety of potential variances to which a petitioner might be able to establish an entitlement. Again, remember that this petitioner *does not want* a variance. When presented with this petitioner's request for rezoning to mobile home classification, this board *could do nothing* other than say, "Get out of here. Go see the city council!"

Another flaw in the majority's view of this case is the mistaken assumption that running every rezoning request through a zoning board of appeals will produce some definitive relief or establish some kind of binding determination. The majority states, "The City of Novi's denial of Paragon's rezoning request is not a final decision because, absent a request for a variance, there is no *information regarding the potential uses of the property* that might have been permitted, nor, therefore, is there *information regarding the extent of the injury* Paragon may have suffered as a result of the ordinance." (Emphasis added.) *Ante,* p 580. As stated previously, this mistakenly assumes a zoning board of appeals considers, determines, or offers other potential uses. It does *not,* even when the petitioner is specifically seeking a particular variance, let alone as here where the petitioner does not want a variance but is seeking to rezone. Further, the information "regarding the extent of the injury Paragon may have suffered as a result of the ordinance" is the petitioner's burden to produce, as was done here, to the planning commission and the city council, and

then to the circuit court. Assuming this petitioner jumped through the unnecessary, unavailing hoop the majority requires, would any "finding" by the zoning board of appeals be binding on a reviewing court? I hardly think so. The city would still have to present its expert testimony, as it did here, to satisfy the court that there were alternatives *within that zoning classification* to which the plaintiff could put its property.

D

Finally, I would be remiss if I failed to point out the majority's complete misunderstanding of the two cases on which it primarily relies, *Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City*, 473 US 172; 105 S Ct 3108; 87 L Ed 2d 126 (1985), and *Electro-Tech, Inc v H F Campbell Co*, 433 Mich 57; 445 NW2d 61 (1989). Both cases are inapposite to the situation here presented. In *neither* case was a *rezoning* sought or at issue.

In *Williamson, supra*, the developer's proposed plat did not comply with certain requirements of the current zoning ordinance. The Court stated at 188:

It appears that variances could have been granted to resolve at least five of the Commission's eight objections to the plat. The Board of Zoning Appeals had the power to grant certain variances from the zoning ordinance, including the ordinance's density requirements and its restriction on placing units on land with slopes having a grade in excess of 25%. . . . The Commission had the power to grant variances from the subdivision regulations, including the cul-de-sac, road-grade, and frontage requirements. Indeed, the Temple Hills Committee had recommended that the Commission grant variances from those regulations. . . . Nevertheless, respondent did not seek variances from either the Board or the Commission.

Unlike here, the *Williamson* developer was not asking that the zoning classification be changed, and the zoning board of appeals had the authority to vary some of the current zoning classification's requirements.

The majority's other cornerstone, *Electro-Tech*, is also inapposite to this case. I signed Justice BRICKLEY's dissent in *Electro-Tech* because I agreed with him that the majority seriously misread *Williamson*. But, putting aside that dispute, any reading of *Electro-Tech* would quickly disclose that it also did *not* involve a change in zoning classification. There was no question in that case that the petitioner's property was in the appropriate zoning classification for the use sought, i.e., another manufacturing plant behind the existing facility. Chief Justice RILEY wrote for the majority:

> In the instant case, the council had imposed, in addition to the improper dedication requirement, four "valid" conditions on the issuance of the permit. Because Electro-Tech failed to remedy these valid requirements or to submit a revised site plan evidencing compliance therewith, it was unclear whether or how much the improper condition interfered with the owner's investment-backed expectations. Electro-Tech's claim, therefore, was not ripe for review. See discussion of *Williamson, supra,* in section II(C).
>
> Because we conclude in section II(C), that the City of Westland had not made a final determination regarding the disposition of Electro-Tech's property, we need not decide at this time whether Electro-Tech has established an unconstitutional taking. [433 Mich 75.]

Those conditions, prerequisites to issuance of building permits, clearly *could have been* altered, varied, or changed by the city council or the zoning board of appeals. Thus, the plaintiff having failed to

request that relief, the *Electro-Tech* majority concluded that there had been no "final" determination by the city. The distinction between this case and both *Williamson* and *Electro-Tech* could not be clearer. This plaintiff does not seek or wish any of the other (who knows how many) possible uses available to it in its current zoning classification. It sought a rezoning of its property so it could erect a mobile home park. This plaintiff received a "final" determination from the City of Novi when the city council, the only body able to grant the relief sought, denied the rezoning request. Plaintiff, then, bearing the very heavy burden of proving the city's action arbitrary, capricious, unreasonable, and confiscatory because it was deprived of all reasonable use of its property, could clearly seek redress in circuit court.

E

In my opinion, the requirements in the zoning enabling act ("that the spirit of the ordinance shall be observed") and in the Novi Zoning Ordinance (that a use variance may be authorized only "without substantially impairing the intent and purpose of this Ordinance") would not be satisfied by a use variance that gave plaintiff the relief it seeks. Therefore, because the Novi City Council's denial of plaintiff's request to rezone its property constituted the final legal decision available with regard to the actual substance of plaintiff's request, plaintiff should not be required to seek a use variance in this case.

IV

I would reverse the decision of the Court of Appeals that a final decision was not obtained and remand this case to the Court of Appeals for review

of the merits of the circuit court's opinion and judgment.[3] I would also instruct the Court of Appeals to address the effect, if any, of the Novi City Council's subsequent rezoning of the property at issue to light industrial.

LEVIN, J., concurred with CAVANAGH, J.

---

[3] At this point, I note my agreement with the majority that "[t]his is not a case in which all development of the land was physically impossible by application of the ordinance" (*ante*, p 580, n 14) because I think this factor is integral to ultimate resolution of this case.