WEAVER, J.
(concurring with the result only and dissenting in part). I concur with the result reached by the majority. But I strongly dissent from its reasoning and analysis.
In Nat’l Wildlife Federation v Cleveland Cliffs Iron Co, 471 Mich 608; 684 NW2d 800 (2004), a majority of four justices fundamentally changed and heightened *384 the burden of standing to pursue causes of action when they superimposed the federal constitutional “case or controversy” standing constraints on the plaintiffs.
Today the majority is again expanding its earlier, incorrect, decisions in Lee v Macomb Co Bd of Comm’rs, 464 Mich 726; 629 NW2d 900 (2001), and Nat’l Wildlife Federation. In Lee and Nat’l Wildlife Federation the majority imposed the United States Constitution’s “cases and controversies” restrictions on standing in Michigan courts. This change of law constitutionalized Michigan’s standing doctrine, which was formerly a prudential limitation. Relying on Nat’l Wildlife, the same majority narrowed who qualifies as an “aggrieved party” for the purpose of invoking the appellate jurisdiction of this Court in Federated Ins Co v Oakland Co Rd Comm, 475 Mich 286; 715 NW2d 846 (2006).
The majority now compounds these errors by transforming the prudential doctrines of mootness[1] and ripeness[2] into constitutionally based doctrines that affect the jurisdiction of the Court. See ante at 370-374.
When the mootness and ripeness doctrines are viewed as prudential limits, a state court has discretion in applying those doctrines. By contrast, the “case or controversy” clause in US Const, art III, § 2 requires federal courts to dismiss cases that are moot or not ripe. By transforming the doctrines of mootness and ripeness into constitutional requirements, the majority requires *385 these doctrines to be treated as jurisdictional issues by the Michigan state courts as well.
The majority states, albeit in dicta, that the mootness doctrine is a justiciability doctrine that concerns the judiciary’s constitutional jurisdiction to adjudicate cases. Ante at 370-371, 374. But shifting mootness from a prudential doctrine to a constitutional doctrine conflicts with this Court’s most recent decisions concerning mootness. In both In re Midland Publishing Co, Inc, 420 Mich 148, 151 n 2; 362 NW2d 580 (1984), and Federated Publications, Inc v City of Lansing, 467 Mich 98; 649 NW2d 383 (2002), the Court cited the venerable rule that the Court will not decide moot issues unless the issue is one of public significance that is likely to recur, yet may evade judicial review. However, if the mootness doctrine is one that affects the Court’s constitutional jurisdiction, then the Court could not decide a moot issue, regardless of how significant it may be to the public, nor how likely it would be to recur and evade judicial review. See Honig v Doe, 484 US 305, 330; 108 S Ct 592; 98 L Ed 2d 686 (1988) (Rehnquist, C.J., concurring) (“If it were indeed Art. Ill which — by reason of its requirement of a case or controversy for the exercise of federal judicial power — underlies the mootness doctrine, the ‘capable of repetition, yet evading review’ exception relied upon by the Court in this case would be incomprehensible. Article III extends the judicial power of the United States only to cases and controversies; it does not except from this requirement other lawsuits which are ‘capable of repetition, yet evading review.’ ”).
The majority asserts that the ripeness doctrine “is supported by both constitutional and prudential principles.” Ante at 380-381. In the federal courts the ripeness doctrine is based on both art III “case or *386 controversy” limitations on judicial power and on prudential reasons for refusing to exercise jurisdiction. Regional Rail Reorganization Act Cases, 419 US 102, 138; 95 S Ct 335; 42 L Ed 2d 320 (1974). But, as I explained in Nat’l Wildlife, the federal constitution’s art III, § 2 limitations apply to the federal court’s judicial power; they do not apply to the power of Michigan’s state courts. Nat’l Wildlife, supra at 660-661 (WEAVER, J., concurring in result only). Thus, while the federal court’s ripeness doctrine involves both the “case or controversy” requirement of art III, § 2 of the federal constitution and prudential concerns, Duke Power Co v Carolina Environmental Study Group, Inc, 438 US 59, 81-82; 98 S Ct 2620; 57 L Ed 2d 595 (1978), Michigan’s courts need only consider prudential concerns. Further, for the same reasons explained above, holding that the ripeness doctrine is based on constitutional grounds is inconsistent with this Court’s recognition that a showing of futility may trigger an exception to the ripeness doctrine. See Paragon Properties Co v City of Novi, 452 Mich 568, 581-583; 550 NW2d 772 (1996) (considering, but rejecting, the futility argument), and Lucas v South Carolina Coastal Council, 505 US 1003, 1014 n 3; 112 S Ct 2886; 120 L Ed 2d 798 (1992).
For these reasons I concur only in the result of the majority opinion, and dissent from the majority’s reasoning and analysis that mistakenly transforms the prudential doctrines of mootness and ripeness into constitutionally based doctrines that affect the jurisdiction of the Court.

 “Generally, an action is considered ‘moot’ when it no longer presents a justiciable controversy because issues involved have become academic or dead.” Black’s Law Dictionary (6th ed), p 1008.

 Ripeness refers to the threshold conditions that must exist before a dispute is sufficiently mature to enable a court to decide it on the merits. Maraist, Environmental and land use law: The ripeness doctrine in Florida land use law, 71 Fla B J 58 (February, 1997).