# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 29, 2009

137446-7 & (90)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

JEFFREY HENDEE, MICHAEL HENDEE,
LOUANN DEMOREST HENDEE, and
VILLAGE POINT DEVELOPMENT, LLC,
         Plaintiffs-Appellees,

v

           SC: 137446-7
           COA: 270594; 275469
           Livingston CC: 04-020676-CZ

TOWNSHIP OF PUTNAM,
         Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the August 26, 2008 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether a rule of finality or ripeness applies to the plaintiffs' exclusionary zoning claim, see *Paragon Properties v City of Novi*, 452 Mich 568, 576 (1996), *Warth v Seldin*, 422 US 490, 508 n 18 (1975) ("[U]sually the focus should be on a particular project."); (2) if so, whether the Court of Appeals majority properly held that the defendant township's previous denials of the plaintiffs' applications to rezone their property for less intensive uses excused the finality requirement under the futility doctrine; (3) whether the trial court erred in granting injunctive relief prohibiting the defendant township from interfering with the plaintiffs' proposed use of their property for a manufactured housing community when the plaintiffs had never proposed that use to the township, see *Schwartz v City of Flint*, 426 Mich 295, 327-328 (1986); (4) whether a claim that a zoning ordinance unconstitutionally excludes a lawful use is properly analyzed without regard to whether a demonstrated need for the use exists, as suggested by the Court of Appeals reliance on *Kropf v City of Sterling Heights*, 391 Mich 139, 155-156 (1974), or whether the enactment of 1978 PA 637, MCL 125.297a (now recodified in nearly identical language as MCL 125.3207) superseded the analysis of *Kropf* on which the majority relied; and (5) whether the trial court abused its discretion in awarding the plaintiffs their costs and expert witness fees.

The motion for leave to file brief amicus curiae is GRANTED. The Real Property Law Section of the State Bar of Michigan and the Michigan Townships Association are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 29, 2009

_____
Clerk

p0422