Cavanagh, J.
(concurring). I concur in the result only. I agree that, on the facts of this case, plaintiffs’ claims are not ripe for review. I write separately because I *579 continue to adhere to my dissenting positions in Paragon Props Co v City of Novi, 452 Mich 568, 583-593; 550 NW2d 772 (1996) (CAVANAGH, J., dissenting), and Electro-Tech, Inc v H F Campbell Co, 433 Mich 57, 92-132; 445 NW2d 61 (1989) (BRICKLEY, J., joined by LEVIN and CAVANAGH, JJ., dissenting). While I generally agree that challenges to zoning ordinances may require a final decision to ripen, the finality rule adopted in Paragon and Electro-Tech serves the purposes of the ripeness doctrine at best imprecisely, and at worst incorrectly. The lead opinion’s reasoning would only exacerbate that error.
I. OVERVIEW OF FINALITY AND RIPENESS
The question before this Court is whether plaintiffs’ constitutional and statutory exclusionary zoning claims are ripe for review. As stated by the Paragon majority, in the land-use context, “ ‘the doctrine of ripeness is intended to avoid premature adjudication or review of administrative action.’ ” Paragon, 452 Mich at 579 n 12 (citation omitted). Thus, when a final decision by the relevant governmental agency is necessary to establish whether the alleged injury has occurred, I would agree that it serves the purposes of the ripeness doctrine to require a final decision from that agency. As aptly stated in Justice BRICKLEY’s Electro-Tech dissent, “a principled decision to apply, or not to apply, the finality requirement requires us to look beyond the label attached to a constitutional land use claim to the policy underlying the requirement and to the nature of the governmental conduct under attack.” Electro-Tech, 433 Mich at 100.
The United States Supreme Court’s jurisprudence is consistent with this approach and has required a final decision by an agency only to the extent that the decision is necessary for evaluating the claim that is *580 before the reviewing court. Thus, in the taking context, it has held that “a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.” Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City, 473 US 172, 186; 105 S Ct 3108; 87 L Ed 2d 126 (1985). The Court has not applied this rule, however, if a final decision would not serve the ripeness doctrine, such as when the agency no longer has discretion in how the regulation is applied to a plaintiffs property and, thus, a final decision on the applicability of the regulation to the plaintiffs property is not necessary to evaluate the plaintiffs taking claim. See Suitum v Tahoe Regional Planning Agency, 520 US 725, 738-740; 117 S Ct 1659; 137 L Ed 2d 980 (1997), stating that “[bjecause the agency has no discretion to exercise over Suitum’s right to use her land, no occasion exists for applying Williamson County’s requirement that a landowner take steps to obtain a final decision about the use that will be permitted on a particular parcel.” Thus, the Court has not drawn bright-line rules about what degree of finality is required to meet the ripeness doctrine based on the types of claims raised.
This Court’s finality and ripeness jurisprudence stands in marked contrast to the United States Supreme Court’s sensible and reasoned approach. In Electro-Tech, the Court held that the finality requirement applied in the taking context, regardless of whether the claim arose out of the Just Compensation Clause or the Due Process Clause of the constitution. Electro-Tech, 433 Mich at 76 n 21, 79. This holding was erroneously used to extend the Williamson finality rule *581 to all constitutional challenges to zoning regulations.[1] See, e.g., Lake Angelo Assoc v White Lake Twp, 198 Mich App 65, 72-73; 498 NW2d 1 (1993). The Paragon majority cemented this error in our jurisprudence in two ways. First, it broadly declared that as-applied challenges are subject to the Williamson rule of finality, but facial challenges are not. Second, it cavalierly stated that this rule is applicable to all as-applied challenges to zoning ordinances, regardless of whether analyzed “as a denial of equal protection, as a deprivation of due process under the Fourteenth Amendment, or as a taking under the Just Compensation Clause of the Fifth Amendment. . . .” Paragon, 452 Mich at 576. It is an extremely imprecise measure of ripeness to require the same type of final decision regardless of whether that decision actually serves the purposes of the ripeness doctrine. As discussed, the United States Supreme Court has not even applied the Williamson test to every taking claim, let alone every constitutional claim.[2]
*582 II. RIPENESS AND EXCLUSIONARY ZONING CLAIMS
The lead opinion’s analysis today would exacerbate the errors in Paragon and Electro-Tech by extending the requirement that a final decision must have been made regarding the regulation’s application to the plaintiffs property to all as-applied exclusionary zoning claims. An essential feature of every type of exclusionary zoning claim is that the alleged injury is to an entire geographic area and not a single parcel of land.[3] As a result, exclusionary zoning claims exemplify the logical flaw in applying the Williamson taking finality test to all constitutional claims. While a particular plaintiff may need to show an injury to have standing, the injury alleged in an exclusionary zoning claim is not specific to one parcel, and, therefore, whether it is ripe for review may be unrelated to whether a final decision has been made regarding the applicability of the regulation to one specific parcel or plaintiff.[4] Thus, a final decision regarding the applicability of a regulation to a particular parcel may be needed to develop an injury suffi *583 ciently for a claim to be ripe in the context of a taking claim, in which the alleged harm is specific to the plaintiffs parcel, but it is not necessarily needed for an exclusionary zoning claim, in which the alleged injury is to an entire area.
Further, although it is not clear whether the lead opinion’s and Justice CORRIGAN’s analyses address constitutional or statutory exclusionary zoning claims, I would note that to the extent that the opinions apply the Williamson ripeness requirements to statutory exclusionary zoning claims, I disagree.[5] While a statutory exclusionary zoning claim may not be ripe for review in the absence of the decision necessary to evaluate whether the plaintiff has suffered the harm required by the exclusionary zoning statute, MCL 125.3207, this inquiry is wholly distinct from the Williamson analysis.
III. APPLICATION OF THE RIPENESS DOCTRINE TO THIS CASE
Nonetheless, even though I disagree with the lead opinion’s reasoning, I agree that plaintiffs’ statutory and constitutional exclusionary zoning claims are not ripe for review on the facts of this case. Plaintiffs essentially alleged that defendant’s “actions” excluded manufactured housing communities (MHCs) from the township. Therefore, to the extent that plaintiffs pleaded a constitutional exclusionary zoning claim, and regardless of whether it was based in substantive due process or equal protection, in order for plaintiffs’ claim *584 to be ripe, they must show that defendant has made decisions excluding MHCs to an impermissible disagree.[6] I do not think that plaintiffs’ claim of an alleged injury is ripe for review, especially given that defendant’s ordinance recognizes an MHC zoning classification and has a process for requesting that classification. While I do not believe that plaintiffs must necessarily show that MHCs have been excluded from every parcel in the defendant township in order for their claim to be ripe, they have not shown that they have been excluded from any parcels suitable for that use, including their own. Thus, I do not think that plaintiffs’ constitutional exclusionary zoning claim is ripe for review.
Similarly, plaintiffs’ statutory exclusionary zoning claim is not ripe. The current exclusionary zoning statute, MCL 125.3207,[7] requires in part that there be a “zoning ordinance” or a “zoning decision” that has “the effect of totally prohibiting the establishment of a land use within a local unit of government... .” This case does not involve the former, so plaintiffs must allege that there has been a zoning decision that has the effect of totally prohibiting MHCs from the defendant township. Again, given that the township ordinance has a process by which a landowner could seek rezoning and plaintiffs have not shown that they or any landowners were denied an MHC use on their property, plaintiffs have not presented a “zoning decision” that has the effect of totally prohibiting a use and ripening their claim for judicial review.
*585 IV CONCLUSION
Although I disagree with the lead opinion’s analysis, which would extend and exacerbate the errors in Electro-Tech and Paragon, ultimately I agree with its conclusion that plaintiffs have not presented any exclusionary zoning claims that are ripe for review. Therefore, I concur with the decision to reverse the judgment of the Court of Appeals and remand the case for entry of a dismissal order consistent with this Court’s decision.
Kelly, C.J., concurred with Cavanagh, J.

 This extension is particularly unfortunate given that the underpinnings for applying this test to constitutional challenges outside the Fifth Amendment have since been rejected. In Lingle v Chevron USA, Inc, 544 US 528; 125 S Ct 2074; 161 L Ed 2d 876 (2005), the United States Supreme Court clarified that regulatory taking claims arise exclusively out of the Just Compensation Clause and never out of the Due Process Clause. Thus, the regulation’s underlying validity is an inquiry that “is logically prior to and distinct from the question whether a regulation effects a taking....” Id. at 543. This calls into question cases in which this Court held that taking claims may be framed in terms of either the Due Process Clause or the Taking Clause. See, e.g., K & K Constr, Inc v Dep’t of Natural Resources, 456 Mich 570, 576; 575 NW2d 531 (1998), and Bevan v Brandon Twp, 438 Mich 385, 391; 475 NW2d 37 (1991).

 It also has not generally shared Paragon’s dependence on classifying claims as facial or as-applied. See, e.g., Suitum, 520 US at 736 n 10, stating that “ ‘facial’ challenges to regulation are generally ripe the moment the challenged regulation or ordinance is passed....” (Emphasis added.) Although the enactment of the ordinance itself generally ripens a facial claim for review, I do not favor adopting a bright-line rule to this effect. It merely *582 forces a court to engage in the additional analytical step of definitively labeling a claim as either facial or as-applied.

 This is true regardless of whether the claim is facial or as-applied. I am thus somewhat troubled by Justice Corrigan’s conclusion that this case presents an as-applied exclusionary zoning claim on the basis that plaintiffs’ claim relates to the infringement of plaintiffs’ right to develop manufactured housing on their property. Plaintiffs did raise constitutional claims that were specific to their property, but those are distinct from their exclusionary zoning claims.

 For this reason, I find puzzling the lead opinion’s quotation of Warth v Seldin, 422 US 490; 95 S Ct 2197; 45 L Ed 2d 343 (1975), which addresses the importance of standing in exclusionary zoning claims. While standing “bears close affinity to questions of ripeness,” ripeness addresses “whether the harm asserted has matured sufficiently to warrant judicial intervention,” whereas standing addresses whether the particular plaintiff has suffered a harm. Id. at 499 n 10. In this case, the question is not standing but whether plaintiffs’ alleged harm has matured sufficiently for judicial review.

 To the extent that the opinions could be read to implicitly adopt the position of the Court of Appeals partial dissent that MCL 125.3207 provides the requirements for both constitutional and statutory claims, I disagree. A statute may not supersede a constitutional claim recognized by this Court because the power to interpret the constitution and the scope of the rights it provides is within the judicial power held exclusively by the courts. Const 1963, art 6, § 1; see also People v Salsbury, 134 Mich 537, 546; 96 NW 936 (1903).

 As noted by the Court of Appeals partied dissent, there is some question about whether plaintiffs pleaded such a claim. But, for purposes of this analysis, I will assume that they did.

 When plaintiffs filed their complaint, the exclusionary zoning statute that applied to townships was former MCL 125.297a. See MCL 125.3702. While the previous statute applied only to townships, the current statute applies to all local units of government. This change does not affect the analysis in this case, and the statutes are otherwise identical.