HUDSON v. BUENA VISTA TOWNSHIP ZONING BOARD.

1. TOWNSHIPS—ZONING—BURDEN OF PROOF—VALIDITY OF ORDINANCE.
   The burden of proving that a township zoning ordinance is arbitrary, unreasonable and confiscatory is upon the party attacking the ordinance.

2. APPEAL AND ERROR—ZONING—REVIEW OF FACTS.
   The Court of Appeals independently reviews the facts in zoning cases.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Zoning § 256.
[2, 3] 58 Am Jur, Zoning § 255.
[4] 58 Am Jur, Zoning §§ 33, 142.
[5] 58 Am Jur, Zoning §§ 20, 71.
[6] 58 Am Jur, Zoning §§ 14, 16, 21, 22, 140.
[7, 8] 58 Am Jur, Zoning §§ 14, 16, 21, 22, 33, 36, 141, 142.
[9] 58 Am Jur, Zoning §§ 250, 255, 256, 258.
[10] 58 Am Jur, Zoning §§ 21, 22, 33, 39, 42, 70, 200–205.
[11] 58 Am Jur, Zoning § 234.
[12] 5 Am Jur 2d, Appeal and Error § 1009.

3. SAME—ZONING—FINDINGS OF FACT.

The Court of Appeals gives much credence to the findings of the trier of fact on appeal of a zoning case.

4. TOWNSHIPS—ZONING—RESIDENTIAL CLASSIFICATION—VALIDITY OF ORDINANCE—TRAFFIC.

A large volume of traffic passing a tract of land in a township does not necessarily make that tract unsuited for residential purposes.

5. SAME—ZONING—OTHER PROPERTY.

The fact that other land in an area in a township has been rezoned commercial is not necessarily controlling in determining validity of a particular residential classification.

6. SAME—ZONING—VALUE OF USE—CONFISCATION.

The fact that township land would have a higher value for a forbidden use than for the use actually allowed under a zoning ordinance is not controlling as to the validity of such ordinance, absent clear confiscation.

7. SAME—ZONING—VALIDITY OF ORDINANCE—FACTORS DETERMINING VALIDITY.

Determination of the validity of a township zoning ordinance requires consideration of all of the factors present, including suitability of the tract for residential purposes, the manner in which other land in the area has been zoned, and value of the land for a forbidden use as compared with its value for the use allowed.

8. SAME—VALIDITY OF RESIDENTIAL CLASSIFICATION.

Determination of the validity of residential classification of a township zoning ordinance involves consideration of the character of the district, its peculiar suitability for particular uses, the conservation of property values, the general trend and character of building and population development, unsuitability for residential purposes, lack of market for such purpose, and whether the land will become dead land or nonincome-producing land without value for residential use.

9. SAME—ZONING ORDINANCE.

Courts look at totality of factors involved in determining the validity of a township zoning ordinance.

10. SAME—RESIDENTIAL CLASSIFICATION—SPOT ZONING—VALIDITY OF ORDINANCE.

Finding of trial judge that refusal to change the zoning of plaintiff's property from residential to commercial in township zon-

ing ordinance was arbitrary, capricious, and unreasonable *held*, proper, where the record shows that the trend of development in the area is definitely commercial, the property is located on a major traffic artery carrying some 12,000 vehicle movements a day, the land has considerably less value for residential purposes than for commercial purposes, and other land in the area has been rezoned commercial, since, the refusal to rezone, under all of the circumstances, amounted to nothing more than impermissible, arbitrary spot zoning.

11. JUDGMENT—MODIFICATION—ZONING—SPECIFIC USE—INJUNCTION
    —GASOLINE STATION.

Judgment of trial court finding residential classification of plaintiff's property to be void, specifically allowing use thereof for a gasoline station on compliance by plaintiff with the township building code, and enjoining defendants from forever interfering with plaintiff's use of the premises is affirmed, but modified so as to show only injunctive restraint against defendants' interference with the construction or reasonable operation of a gasoline station on the premises, since the judgment as entered would prohibit any interference with plaintiff's use of the parcel, including the application of reasonable safety or set-back standards applicable to all other gasoline stations, and plaintiff sought only to be allowed to construct and operate a gasoline station.

12. COSTS—PUBLIC QUESTION—TOWNSHIP— ZONING ORDINANCE.

No costs are allowed in action to enjoin enforcement of township zoning ordinance restricting use of plaintiff's property to residential purposes.

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 December 5, 1966, at Lansing. (Docket No. 1,710.) Decided May 9, 1967.

Complaint by M. R. Hudson against the Township of Buena Vista Zoning Board, a public authority, and Buena Vista Township, a municipal corporation, to enjoin the enforcement of a zoning ordinance with respect to plaintiff's property, and for an order allowing plaintiff to construct a gasoline station thereon. Judgment for plaintiff. Defendants appeal. Affirmed, with modification.

*Bauer, Smith, Richardson & Mertz (Robert L. Richardson, Jr.,* of counsel), for plaintiff.

*Floyd T. Fuss,* for defendants.

McGregor, J. Plaintiff-appellee M. R. Hudson is the owner of two adjoining parcels of land fronting on Holland avenue (M-46) in the township of Buena Vista, Saginaw county. In the spring of 1963, applications were filed with the Buena Vista township zoning board to have the parcels rezoned from residential to commercial so that Hudson could construct a gasoline station on the land. A public hearing on the application was held and nearby residential owners voiced strenuous opposition to the application. The zoning board issued a written opinion recommending denial of the application. The township board adopted the zoning board's recommendation and the application for rezoning was denied.

Thereafter, Hudson filed suit in the circuit court for the county of Saginaw to enjoin the township from enforcing the zoning ordinance as it applied to his land. The case was submitted to the court on stipulated facts. Subsequent to the filing of the suit, a large tract across Holland avenue and immediately to the northeast of plaintiff's land was rezoned commercial to allow the construction of a shopping center on the site. On December 29, 1965, judgment was entered in favor of Hudson and in essence the following matters were covered:

(1) Chapter 5 of the rural zoning ordinance of the township of Buena Vista, as it applied to the plaintiff's land, was arbitrary and without relation to public health, safety or morals, and was therefore void.

(2) That Hudson should be allowed to use his land for any use permitted in commercial zones.

(3) That Hudson should be granted a building permit for a motor supply station if the plans conformed to the building code.

(4) That the township board was forever enjoined from interfering with the appellee's use of the subject parcel.

The zoning board and the township appeal from this judgment.

This case involved one of our great national headaches: How to plan for and cope with urban sprawl without doing violence to substantial property rights. The charter township of Buena Vista adopted a comprehensive zoning plan and ordinance in 1952. Since then, the township has grown rapidly in activity. The particular area involved in this litigation has experienced considerable growth. Holland avenue (M-46) has become a heavily travelled thoroughfare. A General Motors plant is located thereon, about one-half mile easterly. An interchange of the interstate highway system has been built nearby. Hundreds of homes have been built in orderly subdivisions. At the same time, industrial facilities that existed in the area before the zoning ordinance was adopted have continued to operate. Several nonconforming commercial businesses have continued to operate along Holland avenue. Gasoline stations have been constructed one-half block easterly, at the corner of Holland avenue and Outer Drive. In short, the area has never settled into a completely commercial or residential mold.

When the zoning board refused Hudson's application for rezoning in 1963, the future course of the area was still shrouded in doubt. Two multiacre tracts fronting on Holland avenue and to the northeast of Hudson's land still lay vacant. These two tracts, both zoned agricultural, contained the key

to future growth of the area. If these tracts were rezoned residential and the land subdivided for homesites, this section of the township would have been branded as a residential area. On the other hand, if these tracts were given over to commercial development, the land fronting on Holland avenue would take on a neon-lit, commercial hue.

In May of 1964, one of these vacant tracts, containing approximately 1,100 feet of frontage on Holland avenue, was rezoned commercial. In the stipulated facts, it was noted that a shopping center probably would be built on the site. In fact, a shopping center has been constructed on the tract. This development could not escape the notice of the trier of fact. By action of the zoning board, the land fronting on Holland avenue was thenceforward destined for commercial development. With this clear trend in mind, we turn to the denial of Hudson's rezoning application.

Hudson's two lots contain 147.2 feet of frontage on the south side of Holland avenue, one of which extends to the C & O railroad. They are situated between two residential plots. Hudson proposed to construct a motor supply station on the tracts. He also planned to bury 3 gasoline and oil storage tanks on the property. While abutting property owners claimed that the facilities would constitute a safety hazard, the zoning board does not seriously press this point as all the fixtures would be approved types. Hudson based his application for rezoning on three main grounds. One of these was the disparity of value of the land for commercial as opposed to residential use. Another ground was the changing character of the area, citing as evidence a number of new commercial developments within a mile of his parcels. Finally, Hudson pointed out that it was doubtful in the extreme that his land could be sold for residential purposes.

The burden of proving that the zoning ordinance was arbitrary, unreasonable, and confiscatory was on Hudson. *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425. In a case of this type, we independently review the facts. *Christine Building Co.* v. *City of Troy* (1962), 367 Mich 508. However, we give much credence to the findings of the trier of fact. *Alderton* v. *City of Saginaw* (1962), 367 Mich 28. As a result of our review, we find an adequate factual basis to support the findings of the trial judge.

This is not to disparage the voluminous case law cited to us by counsel for the zoning board. No one of the reasons adduced by Hudson would have been sufficient to overturn the ordinance. A large volume of traffic passing a tract of land does not necessarily make the tract unsuited for residential purposes. *Scholnick* v. *City of Bloomfield Hills* (1957), 350 Mich 187; *Brae Burn, Inc.,* v. *Bloomfield Hills, supra.* And the fact that other land in the area has been rezoned commercial is not necessarily controlling. *Anderson* v. *City of Holland* (1956), 344 Mich 706. Nor is the fact that land would have a higher value for a forbidden use than an allowed use controlling absent clear confiscation. *Lamb* v. *City of Monroe* (1959), 358 Mich 136. However, each of these factors, all of which are present in this case, must be considered together and not in a vacuum as separate, nonconnected elements.

The Supreme Court clearly illustrated this principle in *Alderton* v. *City of Saginaw* (1962), 367 Mich 28, 34:

"In determining the validity of an ordinance we give consideration to the character of the district, its peculiar suitability for particular uses, the conservation of property values and the general trend and character of building and population develop-

ment (*Grand Trunk W. R. Co.* v. *City of Detroit,*
326 Mich 387); unsuitability for residential pur-
poses (*Ritenour* v. *Township of Dearborn,* 326 Mich
242); lack of market for such purpose (*Long* v. *City
of Highland Park,* [329 Mich 146]), and whether
the land will become 'dead land' or nonincome-
producing land without residential value (*Janesick*
v. *City of Detroit,* 337 Mich 549)."

In short, courts look at the totality of factors before
determining the validity of a zoning ordinance.

The trend of development along Holland avenue
is definitely commercial. It is not denied that Hol-
land avenue is a major traffic artery carrying some
12,000 vehicular movements a day. The parties
stipulated that Hudson's land has considerably less
value for residential purposes than for commercial
purposes. The refusal of the zoning board to re-
zone Hudson's land amounts to nothing more than
impermissible, arbitrary spot zoning when all the
factors are considered as a whole. The determina-
tion by the trial court that the zoning ordinance,
as it applied to Hudson's land, was arbitrary and
unreasonable and thus void was proper.

Under the language of the judgment of the lower
court the township board would forever be re-
strained and enjoined from interfering with the ap-
pellee's use of the subject parcel. As it now reads,
the township would be prohibited from applying
reasonable safety or set-back standards to the sub-
ject parcel, such as would apply to all other gasoline
stations in the township. The appellee sought only
to be allowed to construct and operate a gasoline
station.

The order of the lower court is, therefore, mod-
ified to show only injunctive restraint against the
township board's interference with the construction
or reasonable operation of a gasoline station on the
subject parcel.

The other questions raised have been considered and are without merit. The decree below is affirmed as modified by this opinion. No costs, a public question being involved.

T. G. Kavanagh, P. J., and J. H. Gillis, J. concurred.