NOSAL v. CITY OF LANSING

ZONING—ORDINANCE—PRESUMPTION—BURDEN OF PROOF.
    One challenging the validity of a zoning ordinance has the burden
    of overcoming the presumption of validity or of demonstrating
    that it was confiscatory in that the subject property could not
    be used for the purpose for which it was zoned.

Appeal from Ingham, Hughes (Sam Street), J.
Submitted Division 2 November 11, 1968, at Lansing.
(Docket No. 4,161.)   Decided December 19, 1968.
Application for leave to appeal filed April 18, 1969.

Complaint by Anthony P. Nosal and Ruth E. Nosal
against city of Lansing, a municipal corporation, for
equitable relief from a zoning ordinance adopted by
the city.   Order and judgment for plaintiff.   De-
fendant appeals.   Reversed.

*Farhat, Burns, Treleaven & Luoma,* for plaintiffs.

*Michael F. Cavanagh,* City Attorney, and *William
E. Rheaume,* Assistant City Attorney, for defendant.

PER CURIAM.   The controlling question in this
matter is whether the trial court correctly granted
an injunction against the city of Lansing to prevent
enforcement of a zoning ordinance against plaintiffs.
Although the Lansing planning board denied plain-
tiffs' petition for commercial zoning, the city council

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Zoning § 16.

rezoned the property partially commercial, partially for parking and partially for family residences. On the basis of plaintiffs' complaint and after a hearing on the order to show cause which issued on the filing of the complaint, the trial judge granted a temporary injunction. It restrained defendant from enforcing its zoning ordinance on plaintiffs' property, restrained defendant from interfering with plaintiffs' development of the land as "F" commercial, and ordered defendant to issue necessary building permits upon proper application.

As there is a presumption of validity in favor of zoning ordinances, the burden is on the challenging party to show that the ordinance is arbitrary, unreasonable or confiscatory. *Muffeny* v. *City of Southfield* (1967), 6 Mich App 19; *Hudson* v. *Buena Vista Township* (1967), 6 Mich App 625. There must be more than a debatable question as to the ordinance's reasonableness. *Brae Burn, Inc.* v. *City of Bloomfield Hills* (1957), 350 Mich 425. Plaintiffs did not rebut the presumptive reasonableness of the zoning ordinance, or demonstrate that it was confiscatory by showing that the property could not be used for the purpose for which it was zoned. *Bassey* v. *City of Huntington Woods* (1956), 344 Mich 701; *Bowman* v. *City of Southfield* (1966), 377 Mich 237.

We reverse the lower court's order and dissolve the injunction. Defendant may recover its costs.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.