ARTHUR LAND COMPANY, LLC v OTSEGO COUNTY

Docket No. 225459. Submitted December 4, 2001, at Lansing. Decided February 8, 2002, at 9:00 A.M.

Arthur Land Company, L.L.C., brought an action in the Otsego Circuit Court against Otsego County, seeking declaratory and injunctive relief and challenging the constitutionality of the county's zoning ordinance, after the plaintiff's request to rezone property it owns in Livingston Township, which is located in Otsego County, was denied. The Livingston Township Planning Commission had recommended to the Livingston Township Board that the request be denied. The township board had then recommended to the Otsego County Planning and Zoning Commission that the request be denied. The county planning and zoning commission then recommended to the Otsego County Board of Commissioners that the request be denied. The county board of commissioners, in turn, rejected the rezoning request. The court, Dennis F. Murphy, J., granted summary disposition in favor of the county, finding that the plaintiff had failed to establish a genuine issue of material fact because the decision of the county board of commissioners was supported by competent, material, and substantial evidence and was neither arbitrary nor capricious. The plaintiff appealed, alleging that the court erred in treating its complaint as an administrative appeal.

The Court of Appeals *held*:

1. The zoning and rezoning of property are legislative functions. The appropriate method and standard of review where a party in the circuit court seeks to challenge a county board of commissioners' denial of a request to rezone, which is a legislative act, is that the party is entitled to a hearing de novo with regard to the issues raised. The circuit court erred in limiting the plaintiff's proofs to those presented before the township and county commissions and boards.

2. The court's failure to employ the appropriate method and standard of review improperly limited the proofs available to the plaintiff to show that a genuine issue of material fact exists for trial. The order granting summary disposition must be reversed and the matter must be remanded for further proceedings.

Reversed and remanded.

ZONING — COUNTIES — APPEAL.

The zoning and rezoning of property by a county are legislative func-
tions that, pursuant to the County Zoning Act, fall within the exclu-
sive purview of the county board of commissioners; questions aris-
ing in the administration of a zoning ordinance are properly
decided by a county board of zoning appeals as an administrative
act that is subject to circuit court review to ensure that the deci-
sion is supported by competent, material, and substantial evidence
on the record; a party that brings in the circuit court an original
action challenging the constitutionality of a zoning ordinance as
applied to its property and seeking declaratory and injunctive relief
from the denial of rezoning by a county board of commissioners is
entitled to a hearing de novo with regard to the issues raised (MCL
125.210, 125.223[2][c], 600.605).

*David M. Delaney, PLC* (by *David M. Delaney*), for
the plaintiff.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by
*Gail P. Massad*), for the defendant.

Before: BANDSTRA, C.J., and FITZGERALD and GAGE, JJ.

BANDSTRA, C.J. Plaintiff Arthur Land Company,
L.L.C., appeals as of right from the trial court's order
granting defendant Otsego County summary disposi-
tion of plaintiff's complaint for declaratory and
injunctive relief. We reverse and remand.

I. BASIC FACTS AND PROCEDURAL HISTORY

In November 1997, plaintiff petitioned to rezone
property located in Livingston Township from its cur-
rent designation of R-1 (residential district), to a zone
that would ultimately permit construction of a con-
venience store and gas station.[1] Livingston Township,

---

[1] Although there is a discrepancy in the record regarding the exact des-
ignation sought—R-3 (residential estates), B-1 (local business), B-2 (gen-
eral business), or B-3 (local business light manufacturing)—what is impor-

which is located in Otsego County, does not have its own zoning ordinance and thus, pursuant to the County Zoning Act (CZA),[2] defers zoning decisions affecting the township to the Otsego County Board of Commissioners. The Livingston Township Planning Commission and the Livingston Township Board, however, act as advisory bodies to the Otsego County Planning and Zoning Commission, which in turn advises the Otsego County Board of Commissioners on all matters of rezoning.

On January 12, 1998, plaintiff appeared before the Livingston Township Planning Commission to present its plans for the property that is the subject of this appeal. In speaking before the commission, plaintiff's representative asserted that there were already several nonconforming businesses located along the corridor that housed the subject property, which plaintiff argued had become "heavily traveled." When the matter was opened for public comment, however, several neighbors of the proposed business voiced concerns over the increased noise and traffic a convenience store and gas station would generate, and the effect this would have on overall safety in the area, as well as residential property values. Following discussion of the matter, the commission voted to recommend to the Livingston Township Board that plaintiff's request for rezoning be denied.

In conjunction with its decision, the commission drafted a report listing several reasons in support of its recommendation. Within this report the commis-

---

tant here is simply that plaintiff sought to remove those restrictions that prevented it from using the property in a business, as opposed to residential, capacity.

[2] MCL 125.201 et seq.

sion noted that traffic in the subject area was already "exceedingly heavy," especially during the school year, and that to allow "anything" that might impede the flow of traffic would create both "a severe traffic problem" as well as a situation of "greater danger" for those children crossing the road for school. In addition, the commission indicated a concern that the requested rezoning would, in effect, constitute "spot zoning," which both the county and the township sought to avoid. The commission additionally reasoned that, with respect to the nonconforming businesses already in place along the corridor, "the few things that weren't residences . . . had been there before the county had zoning," and that, nonetheless, the area still "looked residential and should be left that way." The commission further indicated that it shared in the concerns of area neighbors who felt that residential property values would decrease and that the "lights and noise generated by a filling station/convenience store would be inappropriate for the area." As a final consideration, the commission took note of the aesthetics in the subject area, which it felt would be "adversely affect[ed]" by the proposed rezoning:

> This area of town has numerous old houses, it has a certain charm and beauty that is unique. As an older section of the area it displays our history as a community, our roots, so to speak. Areas such as this are one of the things that draw people to our community. We should not allow rezoning and development to destroy the areas of the county that our history is rooted in.

In pursuit of its rezoning request, plaintiff next appeared before the Livingston Township Board on January 26, 1998. After plaintiff again presented its

plans, the board, relying on the report issued by the Livingston Township Planning Commission, unanimously voted to recommend to the Otsego County Planning and Zoning Commission that the request to rezone be denied. In doing so, the board, like the township planning commission, espoused its opinion that the requested rezoning would constitute spot zoning, which it sought to avoid. In addition, the board indicated its concern that "rezoning in this area would destroy the quiet and esthetic nature of this residential area." The following letter, outlining the board's decision and recommendation, was then sent to the Otsego County Planning and Zoning Commission, along with a copy of the township planning commission's report:

> At a regular meeting of the Livingston Township Board held on January 26, 1998 at 7:30 P.M. at the Township hall, Otsego county Case # PC-80019-Ln was discussed.

> Motion by Rolinksi to recommend to Otsego County Planning and Zoning Commission Denial of Rezoning request Case # PC-80019-Ln. Reasons[:] Traffic safety[;] [a]rea between South Maple St. and Hayes Rd. is used by school buses, and high school students and gets congested at times. It is our opinion that this would be spot zoning. Rezoning in this area would destroy the quiet and esthetic nature of this residential neighborhood. Second by Mench. Ays 5. Nays 0. Motion carried.

Plaintiff next appeared at the Otsego County Planning and Zoning Commission's regular meeting held February 16, 1998, and again presented its case for rezoning. Plaintiff presented the commission a map showing the zoning classifications presently in place within a 3½-mile area surrounding the subject property, which included land located both in Livingston

and Bagley Townships, as well as the city of Gaylord. Relying on this map, plaintiff argued that the area immediately surrounding the subject property represented a mix of residential and commercial uses, and that both the County Comprehensive Plan and the City of Gaylord Master Plan envisioned the corridor as an area of growth.

After noting that both the township planning commission and the township board recommended denial of the request to rezone, the county planning and zoning commission opened the matter for public comment. At that time, several people spoke regarding the issue. According to the minutes, each expressed concerns over the safety of small children living in the area, as well as the increase in traffic. It was further noted that, although there were currently seventeen businesses located in the subject area, these constituted mostly professional offices, e.g., dentists, attorneys, and so forth, and that there was "not a lot of traffic going in and out" of these businesses. A petition opposing the proposed rezoning, signed by 127 residents living in the subject area, was received by the commission along with two letters similarly opposing the proposed zoning.

In voting to recommend to the Otsego County Board of Commissioners that the request to rezone be denied, the commission noted:

> The Otsego County Ordinance embraces the concept of conserving the character and social and economic stability of residential and other use areas.
>
> Change of zone should be carefully considered since private arrangements, property purchases and uses occur with reasonable anticipation of the stability of existing zones. This Commission should not erode an Ordinance that pro-

tects against unreasonable, needless or harmful rezoning. Change in zone should be made only to subserve the public interest.

Traffic in and around the intersection of Hayes Road and M-32 East is admittedly heavy, and will become increasingly complex with the addition of a commercial development. Traffic concerns become more acute during the school year as Hayes Road is a heavily used approach to Gaylord High School.

The type of activity suggested will impact on the expected tranquility of an R-1 zone. There will be increased noise and light pollution. There is a real danger that existing property values will be eroded.

Rezoning does not represent an improvement in the use or character of the surrounding area.

There is detrimental impact upon surrounding uses, particularly as related to traffic and pedestrian uses in the area.

On March 10, 1998, the Otsego County Board of Commissioners voted to adopt a resolution concurring in the recommendations of the Otsego County Planning and Zoning Commission to reject plaintiff's rezoning request.[3] Plaintiff thereafter filed a two-count complaint for injunctive and declaratory relief, alleging that the board's denial of its request to rezone constituted both a violation of substantive due process and a confiscatory taking.

According to the parties, because neither the CZA nor the Otsego County Zoning Ordinance[4] provides a specific method of review where an application to

---

[3] As noted by plaintiff, the record of the county board of commissioners' decision in this regard consists simply of two short paragraphs within the minutes of the board's March 10, 1998, meeting indicating the results of the vote to adopt a resolution to concur in the recommendations of the county planning and zoning commission.

[4] We note that a copy of this ordinance was not made part of the record submitted to this Court on appeal.

rezone is denied by a county board of commissioners, the trial court held a hearing to determine the proper method of review to be employed in deciding the claims raised in plaintiff's complaint. At that time, defendant argued that plaintiff's claims were in essence an appeal from a final decision of the county board and that, therefore, the trial court was required to limit its review to the record created during the proceedings below. In making this argument, defendant cited *Carleton Sportsman's Club v Exeter Twp*[5], which held that, pursuant to Const 1963, art 6, § 28, the appropriate method of review of a municipal board's decision denying a special land-use permit, where a zoning ordinance does not provide for an appeal to a zoning board of appeals, was an appeal to the circuit court. Defendant further argued that, under the relevant constitutional provision, the trial court's review was limited to a determination whether the county board's decision was supported by competent, material, and substantial evidence on the record created below.[6] In response, plaintiff asserted that, given the legislative nature of the board's actions when dealing with a request to rezone, and consider-

---

[5] *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195; 550 NW2d 867 (1996).

[6] Const 1963, art 6, § 28 provides in relevant part:

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

ing the constitutional nature of plaintiff's claims, the trial court was not sitting merely as an appellate body and was entitled to hear additional evidence and make its own determination regarding the reasonableness of the board's decision.

At the conclusion of the hearing, the trial court found that, as argued by defendant, plaintiff's claims were subject to appellate review by the circuit court, and that the standard applicable to such review was whether the county board's decision was supported by competent, material, and substantial evidence on the record created below. In accordance with this decision, the trial court instructed the parties to stipulate to a record of the proceedings before the township and county planning commissions and boards, to be submitted to the court for review and decision following additional oral argument.

On May 7, 1999, plaintiff moved for reconsideration of the trial court's ruling regarding the appropriate method and standard of review. At that time, plaintiff again asserted its entitlement to a hearing de novo at which it could present proof outside that contained in the record created before the lower tribunals.[7] Noting the parties' off-the-record agreement that "regardless of the ruling on the Motion for Reconsideration, . . .

---

[7] When pressed by the trial court regarding exactly what additional evidence it sought to present, plaintiff indicated that it should be permitted to call the county commissioners to testify concerning the reasons for their decision to deny the requested rezoning. In doing so, plaintiff noted that the county board's decision was indicated solely by its resolution "rubber stamping" the county planning commission's recommendation. Plaintiff argued that, although the basis for the commission's recommendation may be sufficiently set forth in the record, the same could not be said with respect to the county board and that, because the county board was the deciding body, an evidentiary hearing to develop the reasons underlying the board's decision was required.

the matter ought to be set for dispositive motions," the court held its decision on plaintiff's motion in abeyance. In doing so, the court reasoned that it may be "unnecessary" for the court to rule on the motion because it could be argued on a motion for summary disposition that, given the extensive record from the lower tribunals, plaintiff would not be able to establish that the zoning of its property was "unconstitutional as applied."

Defendant thereafter moved for summary disposition of plaintiff's claims under MCR 2.116(C)(8) and (10). At the hearing on defendant's motion, defendant argued that, with respect to plaintiff's claim of a violation of substantive due process, the record of the proceedings below provided clear support for the county board's decision under the "competent, material, and substantial" standard of review determined to be applicable by the trial court, and that plaintiff had therefore failed to establish that a genuine issue of material fact existed with respect to the constitutionality of the board's decision. Relying on this conclusion, defendant further argued that plaintiff had similarly failed, under MCR 2.116(C)(8), to state a taking claim because, "if the decision was made appropriately by the Board of Commissioners—there was no taking, there was no confiscation." Nevertheless, defendant argued, given the subject property's current residential use, plaintiff would be unable to establish a compensatory taking because that would require a showing that the board's decision denied plaintiff not just the most profitable use of its land, but all economically viable use.

In response, plaintiff first reiterated its disagreement with the trial court's decision "as to the proper

[method of] review and analysis" to be employed in deciding this matter. Nonetheless, plaintiff argued, substantive due process requires that the exercise of police power legislation, such as the ordinance at issue here, not be unreasonable, arbitrary, or capricious. Plaintiff then asserted that, given the change of conditions in the area surrounding the subject parcel, the county board's decision not to rezone was unreasonable and thus unconstitutional as applied. In doing so, plaintiff cited precedent holding that, given the trend of commercial development along the avenue faced by a rezoning applicant's property, as well as the property's greater value for commercial rather than residential use, a zoning board's refusal to rezone property for commercial use amounted to impermissible arbitrary spot zoning.[8] Although acknowledging the weakness of its taking claim in light of the residential use of the subject property, plaintiff further argued that "confiscation should be considered together with the substantive due process decision," presumably on the ground that the unreasonableness of the board's decision negated any legitimate governmental interest in keeping the current zoning classification.

In granting defendant summary disposition, the trial court reiterated its belief that plaintiff's claims were in essence "an appeal of a decision to deny rezoning made by the Otsego County Board of Commissioners." The court further indicated its belief that the constitutional standard of review in such cases, which is "set out in [Const 1963, art 6, § 28] . . . is

---

[8] See *Hudson v Buena Vista Twp Zoning Bd*, 6 Mich App 625, 631-633; 150 NW2d 167 (1967).

similar to the statutes which control review in zoning appeal cases,"[9] and that "the Otsego County Board of Commissioners fits within that definition when it acts as a zoning authority under the ordinance." The trial court then went on to find that plaintiff had been given a full and fair opportunity to present its case below and that, given the record generated in that process, plaintiff had failed to establish a genuine issue of material fact because the board's decision was aptly supported by competent, material, and substantial evidence and was neither arbitrary nor capricious. Plaintiff appeals from the trial court's decision in this regard.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision regarding a motion for summary disposition.[10] Questions of law, such as the appropriate method and

---

[9] Subsection 23(2) of the CZA provides in relevant part:

The decision of the county board of zoning appeals shall be final. However, a person having an interest affected by the zoning ordinance has the right to appeal to the circuit court. Upon appeal the circuit court shall review the record and decision of the county board of zoning appeals to insure that the decision meets the following requirements:

(a) Complies with the state constitution of 1963 and the laws of this state.

(b) Is based upon proper procedure.

(c) Is supported by competent, material, and substantial evidence on the record.

(d) Represents the reasonable exercise of discretion granted by law to the county board of zoning appeals. [MCL 125.223(2).]

[10] *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

standard of review to be employed in a given situation, are likewise reviewed de novo.[11]

III. THE APPROPRIATE METHOD AND STANDARD OF REVIEW

Plaintiff argues that the trial court, by treating plaintiff's complaint as an administrative appeal and thus applying the method and standard of review reserved for administrative decisions, erred in granting defendant summary disposition. We agree.

"[I]t is settled law in Michigan that the zoning and rezoning of property are legislative functions."[12] Pursuant to the CZA, which establishes the procedures for the enactment, amendment, and administration of county zoning ordinances, these functions fall within the exclusive purview of the county board of commissioners.[13] In contrast, questions arising "in the administration of the zoning ordinance" are to be decided by the county board of zoning appeals.[14]

Pursuant to MCL 125.223(2)(c), a decision of the county board of zoning appeals, which is an administrative act, is final, subject to circuit court review to ensure that the decision is "supported by competent,

---

[11] See, e.g., *Palo Group Foster Care, Inc v Dep't of Social Services*, 228 Mich App 140, 144-145; 577 NW2d 200 (1998).

[12] *Sun Communities v Leroy Twp*, 241 Mich App 665, 669; 617 NW2d 42 (2000).

[13] MCL 125.210.

[14] MCL 125.220(1). We note, however, that although the CZA requires the establishment of a county board of zoning appeals in those counties exercising zoning power under the act, see MCL 125.218, the record is unclear regarding exactly what that body's duties are under the Otsego County Zoning Ordinance. The record is similarly devoid of any authoritative basis for discerning the duties and obligations of the Otsego County Board of Commissioners under that ordinance.

material, and substantial evidence on the record."[15] The CZA, however, is silent regarding the appropriate method and standard of review where, as here, a party seeks to challenge a county board of commissioners' denial of a request to rezone, which is a legislative act.[16]

Given the absence of any controlling provision, the trial court analogized the circumstances presented in the instant matter to an appeal from a decision of a zoning board of appeals, and thus applied the standard of review reserved for administrative decisions:

> [I]n essence, what we do have here is an appeal of a decision to deny rezoning made by the Otsego County Board of Commissioners with advice and input from the Livingston Township Board, the Otsego County Planning Commission, and the Livingston Township Planning Commission. And I think [counsel for defendant] correctly states the standard here.
>
> And it is a constitutional standard, I think, set out in [Const 1963, art 6, § 28], which is similar to the statutes which control review in zoning appeal cases. And that section provides that the Court is to review the decision of the agency. And I think the Otsego County Board of Commissioners fits within that definition when it acts as a zoning authority under the ordinance. And the review is to include whether the decision and findings are, number one, authorized by law and whether the record contains competent, material and substantial evidence on the whole record to support the decision.

---

[15] MCL 125.223(2)(c). As correctly noted by the trial court here, this standard of review is consistent with that set forth in Const 1963, art 6, § 28, which provides the process and standard of review for judicial review of decisions by an administrative agency. See note 6.

[16] According to defendant, the Otsego County Zoning Ordinance is similarly silent with respect to this issue. However, as noted above, a copy of that ordinance has not been provided to this Court on appeal.

Because in denying plaintiff's request to rezone, the county board of commissioners acted as a legislative, as opposed to administrative, body, the trial court's decision in this regard was error.[17] Were this an appeal from an administrative body, the trial court would have been limited to a determination whether the decision was authorized by law and supported by competent, material, and substantial evidence on the record.[18] However, " '[b]ecause rezoning is a legislative act, its validity and the validity of a refusal to rezone are governed by the tests which we ordinarily apply to legislation.' "[19]

Moreover, plaintiff's complaint was filed as an original action in the circuit court, wherein plaintiff challenged the constitutionality of the zoning ordinance as applied to plaintiff's property and requested declaratory and injunctive relief.[20] These were matters within the trial court's original, rather than appellate,

---

[17] See, e.g., *Paragon Properties Co v Novi*, 452 Mich 568, 580; 550 NW2d 772 (1996); *Sun Communities, supra.*

[18] Const 1963, art 6, § 28; MCL 125.223.

[19] *Sun Communities, supra* at 699, quoting Crawford, Michigan Zoning and Planning (3d ed), § 1.11, p 53.

[20] We note, however, that although there is no requirement that a plaintiff exhaust administrative remedies before bringing a taking or substantive due process claim, *Electro-Tech, Inc v H F Campbell Co*, 433 Mich 57, 79; 445 NW2d 61 (1989), a judicial challenge to the constitutionality of a zoning ordinance, as applied to a particular parcel of land, is not ripe for judicial review until the plaintiff has obtained a final, nonjudicial determination regarding the permitted use of the land (e.g., denial of a special-use permit or variance). See *Paragon, supra* at 576. The purpose of this requirement is to ensure that the plaintiff has suffered an " 'actual, concrete injury.' " *Id.* at 577, quoting *Williamson Co Regional Planning Comm v Hamilton Bank of Johnson City*, 473 US 172, 193; 105 S Ct 3108; 87 L Ed 2d 126 (1985). Because the record fails to adequately set forth the alternative remedies, if any, available to plaintiff under the Otsego County Zoning Ordinance, it is unclear whether plaintiff has yet obtained such a final, reviewable decision. Accordingly, we do not address the ripeness issue, but urge the trial court to develop that matter on remand.

jurisdiction.[21] Accordingly, plaintiff was entitled to a hearing de novo on the issues raised and the trial court therefore erred in limiting plaintiff's proofs to those presented before the township and county commissions and boards.

Defendant's reliance on *Carleton, supra,* in support of a contrary result, is unavailing. As noted above, *Carleton* involved the proper means of challenging a final decision to grant or deny a special or conditional use permit where neither the zoning enabling statutes nor the zoning ordinance provides a procedure for review. Because, whether made by the board of zoning appeals or another local body, the decision to grant or deny such a permit is an administrative act,[22] the panel's holding that in such situations "appellate review is available to an aggrieved party in the circuit court" under the standard set forth in Const 1963, art 6, § 28 is inapplicable to the instant matter.[23] As discussed above, the decision at issue here was a legislative, not administrative, act.

### IV. PROPRIETY OF THE TRIAL COURT'S GRANT OF SUMMARY DISPOSITION

In addition to its challenge of the trial court's decision regarding the appropriate method and standard of review to be employed in this matter, plaintiff argues that the trial court erred in ruling that plaintiff had failed to establish a genuine issue of material fact concerning the constitutionality of the county board

---

[21] See MCL 600.605.

[22] See *Sun Communities, supra* at 669.

[23] *Carleton, supra* at 203.

of commissioners' decision. We again agree, although not for the substantive reasons argued by plaintiff.

Although the trial court's order granting summary disposition does not state on which subsection it relied, the trial court's ruling during oral argument makes it apparent that summary disposition of plaintiff's claims was granted under MCR 2.116(C)(10). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim.[24] When reviewing a decision on a motion under MCR 2.116(C)(10), this Court must examine all relevant documentary evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists on which reasonable minds could differ.[25] Where the moving party has produced evidence in support of the motion, the opposing party bears the burden of producing evidence to establish that a genuine question of material fact exists for trial.[26] Here, because the trial court failed to employ the appropriate method and standard of review, it improperly limited the proofs available to plaintiff in order to meet this burden. We conclude that the matter should be remanded to the trial court for further proceedings, wherein plaintiff is permitted to produce additional evidence in support of its claims.[27]

---

[24] *Holland v Liedel*, 197 Mich App 60, 64; 494 NW2d 772 (1992).

[25] *Shirilla v Detroit*, 208 Mich App 434, 437; 528 NW2d 763 (1995).

[26] MCR 2.116(G)(4).

[27] In reaching this conclusion, we acknowledge the persuasive nature of the record created before the township and county boards and commissions with respect to the propriety of the county board of commissioners' decision to deny rezoning. However, although our review here is de novo, it is nonetheless limited to the record developed by the trial court. MCR 7.210(A). Because this Court has not been afforded a record fully developed in accordance with the appropriate procedures, we decline to under-

V. CONCLUSION

The trial court erred in treating plaintiff's complaint as an administrative appeal and, as a result, similarly erred in applying an incorrect standard of review and granting summary disposition on a record limited to the proofs presented by plaintiff at the lower tribunals. Accordingly, we reverse and remand this matter for further proceeding consistent with this opinion.

We reverse and remand. We do not retain jurisdiction.

---

take any substantive review of the trial court's decision to grant summary disposition.