# STATE OF MICHIGAN

# COURT OF APPEALS

CLOVERDALE HOLDINGS, LLC,

        Plaintiff-Appellant,

v

PATRICIA WHITLOW,

        Defendant-Appellee,

and

SAFEWAY TRANSPORTATION, INC., and
SAFEWAY TRANSPORTATION II, LTD,

        Defendants.

UNPUBLISHED
January 25, 2018

No. 335424
Wayne Circuit Court
LC No. 15-005452-CB

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Plaintiff, Cloverdale Holdings, Inc., appeals as of right the trial court order granting summary disposition in favor of defendant, Patricia Whitlow, based on MCR 2.116(C)(7). We affirm.

This matter concerns lease payments for a cell phone tower located on a parcel of property located at 14300 Prairie Street in Detroit ("the property"). From 1993 through 1997, the property was owned by The Prairie Company, a Michigan co-partnership in which defendant was a partner. During the Prairie Company's ownership of the property, a cell phone tower was built on the property by H.F. Properties, a company owned by five families including defendant. H.F. Properties, through defendant as its president, signed a lease with an outside company for the company's use of the cell tower. H.F. Properties, in return, received lease payments for the company's use of the tower.

The property was conveyed to different owners after 1997 until, relevant to the instant matter, plaintiff obtained title to the property in 2006. Despite the property conveyances, H.F. Properties continued to receive lease payments for the outside company's use of the tower and even signed a new lease concerning the tower's use. In an August 27, 2003 lease with Pinnacle Towers ("Pinnacle"), H.F. Properties, through defendant, asserted that it was the landlord of the

-1-

property and that it had fee simple or leasehold title to the "tower, buildings, and ground space located at 14300 Prairie Road." In the 2003 lease, Pinnacle agreed to lease the tower for a period of five years (with three three-year renewal terms) and to pay monthly lease payments to H.F. Properties of approximately $5,000.00 per month.

Defendant lost title to the property due to unpaid property taxes and, as a result, the property was foreclosed upon in 2012. The property was thereafter conveyed to non-party WNNW, LLC. According to plaintiff, while it was removing its belongings from the property the new owner advised that there was a cell tower on the property and that a company had been paying another party rental fees for the tower for the years in which plaintiff owned the property. This lawsuit, alleging common law conversion, statutory conversion, tortious interference with business expectancy, tortious interference with contract, civil conspiracy, and unjust enrichment followed.[1]

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). The crux of defendant's motion was two-fold. First, she contended that all of plaintiff's tort claims were barred by the applicable three-year statute of limitations and, second, she argued that any rent monies with respect to the tower were not paid to her in her individual capacity. Plaintiff argued that piercing the corporate veil was appropriate with respect to defendant's actions and that equitable tolling applied to its tort claims.

The trial court granted defendant's motion pursuant to MCR 2.116(C)(7). While it agreed that defendant likely committed fraud and had no right to the lease payments, it found that defendant had no interaction with plaintiff and thus did not engage in conduct with plaintiff intending to induce them to do anything as was required to equitably toll the statute of limitations. The trial court additionally denied plaintiff's motion for leave to amend its complaint to add H.F. Properties, Pinnacle, Crown Castle Intl (Pinnacle's parent company), The Prairie Company, and CC Holdings GLC, LLC as defendants, finding that such amendment would be futile. This appeal followed.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Arthur Land Co, LLC v Otsego Co*, 249 Mich App 650, 661; 645 NW2d 50 (2002). Summary disposition is permissible under MCR 2.116(C)(7) where the claim is barred by an applicable statute of limitations.

> In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists. Id. These materials are considered only to the extent

---

[1] Plaintiff initially filed suit against Safeway Transportation, Inc., and Safeway Transportation II, Ltd., two companies owned and/or operated by defendant. These defendants were dismissed with prejudice early in the lawsuit and are not involved in this appeal.

that they are admissible in evidence. [*Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010)].

Whether a claim is barred by the statute of limitations and the application of equitable tolling are questions of law, subject to de novo review. *James v Alberts*, 464 Mich 12, 14; 626 NW2d 158 (2001); *McKiney v Clayman*, 237 Mich App 198, 201; 602 NW2d 612 (1999).

Plaintiff first contends that defendant's silence was sufficient to establish concealment for purposes of equitable tolling and that, as a result, the trial court erred in finding that equitable tolling did not apply and in granting summary disposition in defendant's favor under MCR 2.116(C)(7). We disagree.

It is undisputed that a three-year limitations period applies to plaintiff's tort claims. See MCL 600.5805(10). "[T]he primary purposes behind statutes of limitations are: 1) to encourage plaintiffs to pursue claims diligently; and 2) to protect defendants from having to defend against stale and fraudulent claims." *Lemmerman v Fealk,* 449 Mich 56, 65; 534 NW2d 695 (1995). "Nevertheless, Michigan courts have recognized in special cases, the importance of these goals conflict with the injustice of precluding some claims . . . ." *Id.* For example, our Courts have applied a "time of discovery" rule in cases involving medical malpractice, negligent misrepresentation and certain products liability cases, because "the concern for protecting defendants from 'time-flawed evidence, fading memories, lost documents, etc.' is less significant in these cases." *Brennan v Edward D Jones & Co*, 245 Mich App 156, 159-160; 626 NW2d 917 (2001)(internal citation omitted). However, "strong public policies favoring finality in commercial transactions, protecting a defendant from stale claims, and requiring a plaintiff to diligently pursue his claim outweigh the prejudice to plaintiffs and militate against applying the discovery rule in the context of commercial conversion cases." *Id*. at 160.

Additionally, "the doctrine of equitable estoppel is a judicially created exception to the general rule that statutes of limitation run without interruption. It is essentially a doctrine of waiver that extends the applicable period for filing a lawsuit by precluding the defendant from raising the statute of limitations as a bar." *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263, 270; 562 NW2d 648 (1997). According to our Supreme Court:

> [O]ne who seeks to invoke the doctrine generally must establish that there has been (1) a false representation or concealment of a material fact, (2) an expectation that the other party will rely on the misconduct, and (3) knowledge of the actual facts on the part of the representing or concealing party [*Id*].

The *Cincinnati Ins Co* Court noted that the Michigan Supreme Court "has been reluctant to recognize an estoppel absent intentional or negligent conduct designed to induce a plaintiff to refrain from bringing a timely action. *Id*. "Although courts undoubtedly possess equitable power, such power has traditionally been reserved for 'unusual circumstances' such as fraud or mutual mistake." *Devillers v Auto Club Ins Ass'n,* 473 Mich 562, 590; 702 NW2d 539 (2005).

Similarly, "equitable tolling . . . has a legal basis arising out of our common law, and it may be invoked when traditional equitable reasons compel such a result." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 204; 747 NW2d 811 (2008). In *Ward v Rooney–Gandy*, 265

Mich App 515, 517; 696 NW2d 64 (2005), rev'd on other grounds 474 Mich 917 (2005) this Court discussed equitable tolling:

> The time requirements in lawsuits between private litigants are customarily subject to equitable tolling if such tolling is necessary to prevent unfairness to a diligent plaintiff." 51 Am Jur 2d, Limitation of Actions, § 174, p. 563. In order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits, the doctrine of equitable tolling may be applied to toll the running of the statute of limitations, provided it is in conjunction with the legislative scheme. 54 CJS, Limitations of Actions, § 86, p. 122.

In general, "a limitation period is tolled only by a substantive restriction on the plaintiff's ability to bring an action in a timely manner, not by mere procedural or technical irregularities whose correction is within the control of the plaintiff." *Turner v Mercy Hosps & Health Servs of Detroit*, 210 Mich App 345, 349-350; 533 NW2d 365 (1995). To prevail on a claim that he is entitled to equitable tolling, a plaintiff must show that "defendant induced [him] to refrain from bringing an action within the period fixed by the statute." *Secura Ins Co v Auto-Owners Ins Co*, 232 Mich App 656, 661; 591 NW2d 420 (1998), aff'd 461 Mich 382 (2000).

Plaintiff readily admits that it had no knowledge of defendant or any company she owned/operated and had no interaction with her. Plaintiff's agent, Ronald Wheeler, additionally testified at deposition that plaintiff saw the tower when it purchased the property in 2006, but had no idea what it was and was not entirely certain the tower was on the property during the time he owned the property. Wheeler acknowledged, however, that he was given a site map of the property that contained an outline of the property when he purchased it and that the tower is within the outline of the property. Wheeler testified that around December 2012, after plaintiff had lost the property to foreclosure and was removing personal items from the property, a representative of the new owner told him the tower was a cell phone tower, was on the property, and was being leased to a cell phone company by H. F. Properties.

Defendant provided an affidavit in which she swore that she never, in her individual capacity, received money for rental payments for the cell tower. Moreover, at her deposition, defendant testified that she had never heard of plaintiff or Wheeler, and had no knowledge of any business operating on the property from 2006-2012. Defendant testified that The Prairie Company lost ownership of the property due to failure to pay property taxes "sometime in the 2000's" and was aware H.F. Properties did not own the property when she signed the 2003 lease regarding the tower, but believed that H.F. Properties owned the tower.

Clearly, and as acknowledged by the trial court, there is fraud that occurred with respect to defendant signing the 2003 lease on behalf of H.F. Properties. It was asserted in the lease that H.F. Properties owned the property on which the tower was located and defendant later admitted it did not, and never had. And, this fraud deprived plaintiff of the rents is should have been getting for the tower while it owned the property on which the tower sat. Our decision, however, concerns whether this fraud allows for application of the doctrine of equitable tolling of the three-year statute of limitations that the parties acknowledge applies to plaintiff's claims. To prevail on its claim of equitable tolling defendant must establish that there has been "(1) a false representation or concealment of a material fact, (2) an expectation that the other party will rely

on the misconduct, and (3) knowledge of the actual facts on the part of the representing or concealing party." *Cincinnati Ins Co,* 454 Mich at 270.

"Generally, for fraudulent concealment to postpone the running of a limitations period, the fraud must be manifested by an affirmative act or misrepresentation. The plaintiff must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Witherspoon v Guilford*, 203 Mich App 240, 248; 511 NW2d 720 (1994), overruled on other grounds by *Ostroth v Warren Regency GP, LLC*, 474 Mich 36; 709 NW2d 589 (2006). In interpreting "fraudulent conduct" as it is used in MCL 600.5838a and MCL 600.5855, this Court noted that "[m]ere silence is insufficient." *Sills v Oakland General Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996). "When the basis of the action is some wrong other than a fraud, the fraudulent concealment which will work a postponement of the statute must be a concealment produced by affirmative acts or misrepresentations." *Dowse v Gaynor*, 155 Mich 38, 43; 118 NW 615 (1908). However, "if a party has perpetrated a fraud which has not been discovered until the statutable bar may be applied to it at law, courts of equity will interpose and remove the bar out of the way of the other injured party." *Hathaway v Hudson*, 256 Mich 694, 699; 239 NW 859 (1932).

> The question often arises, in cases of fraud and mistake * * *, under what circumstances, and at what time, the bar of the statute of limitations begins to run. In general it may be said that the rule of courts of equity is, that the cause of action or suit arises when and as soon as the party has a right to apply to a court of equity for relief. In cases of fraud or mistake it will begin to run from the time of the discovery of such fraud or mistake, and not before.' 3 Story's Equity Jurisprudence (4th Ed.) §§ 1974, 1975. See, also, 2 Pomeroy's Equity Jurisprudence (4th Ed.) § 917, and note. [*Id*].

"[A] distinction is drawn between what will establish a direct action for fraud and what constitutes fraudulent concealment for the purposes of tolling the running of a statutory period of limitation." *Lumber Vill, Inc v Siegler*, 135 Mich App 685, 696; 355 NW2d 654 (1984). "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent." *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004). "[T]here must be concealment by the defendant of the existence of a claim or the identity of a potential defendant and the plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment. *Id*. at 643 (internal citation omitted).

"While silence or inaction, *in certain situations,* may invoke the doctrine of estoppel, silence does not invoke the doctrine unless the party remaining silent has a duty or obligation to disclose." *Lumber Vill, Inc*, 135 Mich App at 698–699(emphasis in original). "Unless there has been some fiduciary relationship or other direct dealings between the parties, mere silence is not enough to overcome the applicable period of limitation." *Id*. at 699.

In this case, there were no direct dealings between defendant, or any of the companies she owned or represented, and plaintiff. There was also no fiduciary relationship between plaintiff and defendant. Except for silence, there is no indication that defendant concealed a

material fact from *plaintiff*. The fraud was instead perpetrated on the other party to the 2003 lease — Pinnacle. And, plaintiff did not specifically plead a cause of action for fraud against defendant. It is doubtful such a claim would survive had it been brought, as "silence cannot constitute actionable fraud *unless* it occurred under circumstances where there was a legal duty of disclosure." *M&D, Inc v WB McConkey*, 231 Mich App 22, 29; 585 NW2d 33 (1998)(emphasis in original).

Even if defendant's silence were sufficient to establish fraudulent concealment from plaintiff, plaintiff must still show an expectation that it would rely on the misconduct, and knowledge of the actual facts on the part of defendant. *Cincinnati Ins Co,* 454 Mich at 270. Defendant testified that she knew H. F. Properties did not own the subject property at the time she executed the 2003 lease between H.F. Properties and Pinnacle. However, Wheeler testified that he did not realize that the tower was on the property when plaintiff owned it, despite having been given a deed containing an outline of the property boundaries, and that he did not know what the tower was for. As noted in *Brennan*, 245 Mich App at 160-161, "jurisdictions that have refused to apply the discovery rule in commercial conversion cases have presumed that property owners know what and where their assets are, despite the fact that the presumption may work a hardship upon the property owner who fails to discover his or her ownership rights until after the period has run." (internal citation omitted). Given Wheeler's testimony, plaintiff, being unaware of the tower's purpose or the fact that it was on the subject property, cannot have relied on any silence or concealment of defendant concerning the tower.

Finally, as the trial court noted in its opinion and order denying reconsideration, MCL 600.5855 would not save plaintiff's claim. MCL 600.5855 provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

Plaintiff asserted that it found out about the tower and the lease around November or December 2012. It would thus have had to bring its lawsuit by November or December 2014 under MCL 600.5855. Plaintiff did not file this lawsuit until April 2015.

As unsatisfactory as the result is, the trial court properly granted summary disposition with respect to defendant based on the running of the statute of limitations and lack of equitable tolling.

Plaintiff next asserts that the trial court should have granted plaintiff's motion for leave to amend its complaint to add Pinnacle as a defendant.[2] Plaintiff sought to allege a claim of breach

---

[2] Plaintiff sought to add additional party defendants and additional claims, but challenges the trial court's decision only with respect to Pinnacle on appeal.

of implied contract against Pinnacle and the trial court denied plaintiff's motion based on futility. A trial court's ruling on a motion to amend pleadings is reviewed for an abuse of discretion. *Doyle v Hutzel Hosp*, 241 Mich App 206, 211-212; 615 NW2d 759 (2000).

Under MCR 2.118(A)(2), "[e]xcept as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires." "However, leave to amend a complaint may be denied for particularized reasons, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998). "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 142; 715 NW2d 398 (2006)(internal citations omitted).

"In Michigan, the essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Thomas v Leja*, 187 Mich App 418, 422; 468 NW2d 58 (1991). An implied contract exists when the parties do not explicitly manifest their intent to contract by words but "their intent may be gathered by implication from their conduct, language, and other circumstances attending the transaction." *Featherston v Steinhoff*, 226 Mich App 584, 589; 575 NW2d 6 (1997). An implied contract must still satisfy the elements of mutual assent and consideration. *Mallory v Detroit*, 181 Mich App 121, 127; 449 NW2d 115 (1989).

Plaintiff had no dealings with Pinnacle. It would be impossible to find mutual assent or consideration when the two did not have any dealings or, in fact, any knowledge of each other until (on plaintiff's part) November or December 2012. While we are sympathetic to plaintiff, given that fraud clearly occurred, plaintiff has no recourse against Pinnacle. The trial court properly denied plaintiff's motion for leave to amend and add Pinnacle as a defendant as futile.

Affirmed.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher