## C & W HOMES, INC. *v.* CITY OF LIVONIA ZONING BOARD OF APPEALS

1. ZONING—PRESUMPTION—VALIDITY.

   A zoning ordinance itself is presumptively reasonable and valid.

2. ZONING—FINDINGS OF FACT.

   A record made before a zoning appeals board contained sufficient evidence to support its findings of fact and the consequential denial of an application for a variance which is provided for in the ordinance, where the record made before the zoning board, though skimpy, cannot be said to lack factual support for the findings made.

3. ZONING—COURTS.

   The Court of Appeals may not substitute its judgment for that of a zoning board.

4. EQUITY—COURTS—RELIEF.

   Courts of equity cannot afford a litigant relief based on an uneasy feeling that there is more to a case than appears on the record.

5. EQUITY—COURTS—FACTS.

   The Court of Appeals can apply equitable principles to facts, but it cannot create facts.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning § 16.
[2, 3, 6]  58 Am Jur, Zoning §§ 259, 260.
[4, 5]  27 Am Jur 2d, Equity § 102 *et seq.*

Appeal from Wayne, George E. Bowles, J.  Submitted Division 1 May 4, 1970, at Grand Rapids. (Docket No. 6,293.)  Decided July 27, 1970.

Complaint by C & W Homes, Inc., against City of Livonia Zoning Board of Appeals for an order of superintending control reversing the Zoning Board's denial of a variance.  Judgment of no cause of action.  Plaintiff appeals.  Affirmed.

*Barton, Whall & Perry,* for plaintiff.

*Harry C. Tatigian,* City Attorney, and *Robert M. Feinberg,* Assistant City Attorney, for defendant.

Before: FITZGERALD, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J.  This is a zoning case.  It is before us on appeal of right from the trial court's judgment of no cause of action, which affirmed the denial of a permit to build a house on an undersized lot in a residential area.

The stipulated and settled record in the trial court consisted of the complaint, the answer, and the transcript of proceedings before defendant city's Zoning Board of Appeals.  We have considered, of course, in addition thereto, the opinion of the trial judge.  Appellant assigns two errors.  First, it questions the reasonableness of defendant city's zoning ordinance as applied to the involved property. Second, it contends the record made before the Zoning Appeals Board contained insufficient evidence to support its findings of fact and the conse-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

quential denial of its application for a variance which is provided for in the ordinance.

There is little point in reviewing the litany of zoning appeal cases that makes up the composite of controlling precedent. It is well known to the profession, and the trial bench. We have examined the record with great care. The ordinance itself is presumptively reasonable and valid. *Burrell* v. *City of Midland* (1961), 365 Mich 136. The record made before the zoning board, though skimpy, cannot be said to lack factual support for the findings made. We may not substitute our judgment for that of the board. *Brae Burn, Inc.,* v. *City of Bloomfield Hills* (1957), 350 Mich 425.

There is no question that the lot upon which plaintiff sought to build was deficient in several particulars and offended against the ordinance as a site for the home proposed to be built. Nor is there any question that when plaintiff purchased it he did precisely what the ordinance proscribed. He bought from the owner of contiguous lots one that was too small for a homesite with knowledge of the infirmity.

The disturbing element in this case is the emphasized argument of appellant, that though he purchased the lot with full knowledge of its nonconforming dimensions, that he did so in reliance upon a rather vaguely stated "suggestion" of the defendant city's administration, apparently the mayor. There is a further claim of some *animus* on the part of the appeal board toward appellant. This is claimed to result from litigation begun by appellant in another unrelated case, and a settlement of sorts which is purported to have affected the board's attitude toward this matter.

A reading of the zoning appeal record lends some credence to the theory. The record contains oblique

references to a prior board ruling which plaintiff had successfully appealed, and to appellant being "whip-sawed" by the owner of the lot he purchased at the city's so-called "suggestion." Regrettably, from appellant's standpoint, we can find no tangible, definitive support for the theory. Even courts of equity cannot afford a litigant relief based on an uneasy feeling that there is more to the case than appears of record.

We note particularly that what is relied on here, and emphasized in the brief, was not specifically pleaded below. It may well be that this is the reason the learned trial judge did not address himself to the issue in his well-considered opinion. Nor were any facts in support of it adduced in the proceedings before the board. We are reluctant to accept a finding of fact that the plaintiff's plight is of his own making, if the plight was actually created by some action or promise of defendant city through its officials. However, we are a court of review, despite our *de novo* hearing powers. We can apply equitable principles to facts, but facts we cannot create.

On the record made, we find no reversible error.
Affirmed.
All concurred.