# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT CHRISTIANS and BETH CHRISTIANS,

Plaintiffs-Appellants,

v

TOWNSHIP OF CLARK,

Defendant-Appellee.

UNPUBLISHED
October 20, 2016

No. 327519
Mackinac Circuit Court
LC No. 2014-007681-CZ

Before: MARKEY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal as of right from the circuit court's order upholding the constitutionality of defendant's zoning ordinance. We affirm.

According to the facts to which the parties stipulated for purposes of the litigation in the circuit court, plaintiffs own a single lakefront lot comprising two residential structures, only one of which is insulated to enable year-round habitation. Since acquiring their property in 1998, plaintiffs have occasionally offered one or both structures for short-term rentals. Plaintiffs' lot is zoned for single-family residential usage, as set forth in defendant's zoning ordinance. In December 2013, defendant investigated plaintiffs' short-term rental practices, concluded that renting both structures simultaneously constituted a resort use allowed only with a special land use permit, and advised plaintiffs to request such a permit. However, defendant's zoning board of appeals interpreted the zoning ordinance as allowing special use permits for resort activities only for purposes of expanding existing resorts, and denied plaintiffs' application on the ground that their operations had no existing recognition as a resort.

Plaintiffs appealed to the circuit court, challenging the decision below on the ground that, as applied to them, it resulted from application of unconstitutionally vague or ambiguous language in the zoning ordinance.

The circuit court determined that plaintiffs' arguments concerned not so much the definitions of certain terms used in the ordinance as "the application of the Ordinance itself to the

-1-

facts." The court noted that resorts existed in the single-family residential district, but that the special use permits required for that usage were now allowed for only expansions of existing resorts,[1] and concluded, "The Plaintiffs were never classified as a resort prior to 2013 so, under the clear language of the Ordinance, they would not qualify now for any consideration under a Special Use Permit. The Court, therefore, must find that the Ordinance is not vague in its application to these facts."

MCL 125.3606(1) authorizes a party aggrieved by a decision of a zoning board of appeals to appeal to the circuit court, and directs the circuit court in reviewing the decision to determine if it complies with applicable law, follows from proper procedure, is supported by competent, material, and substantial evidence on the record, and constitutes a reasonable exercise of discretion. This Court in turn reviews de novo the circuit court's determination regarding the findings of the zoning board of appeals to determine if the circuit court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial-evidence test to the zoning authority's factual findings. *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009).

A challenge to the validity of an ordinance predicated on vagueness invokes constitutional principles of due process. See *John's Corvette Care, Inc v Dearborn*, 204 Mich App 616, 617; 516 NW2d 527 (1994). See also US Const, Am XIV, § 1; Const 1963, art 1, § 17. A statute may be challenged for vagueness on the grounds that that it does not provide fair notice of the conduct proscribed, or that it is so indefinite that it invites arbitrary or discriminatory enforcement. See *Hill v Colorado*, 530 US 703, 732; 120 S Ct 2480; 147 L Ed 2d 597 (2000). In the context of zoning ordinances, "an 'as applied' challenge alleges a present infringement or denial of a specific right or of a particular injury in process of actual execution." *Paragon Props Co v Novi*, 452 Mich 568, 576; 550 NW2d 772 (1996).

The subject ordinance's provisions for the single-family residential classification begin with a statement of intent:

> This district is composed of medium density single-family residential areas primarily in the towns and villages, where medium density single family residential development has occurred, or appears likely to occur. The regulations for this district are designed to protect and stabilize the essential characteristics of these areas and to promote and encourage a suitable and safe environment for family life. To these ends, development is restricted to medium density single family residential use, where adequate facilities and services will be provided. In addition, certain tourist oriented commercial enterprises and multiple family developments are permitted. [2013 Clark Twp Zoning Ordinance, art 10.5.3.1.]

---

[1] Plaintiffs have not placed at issue whether defendant's zoning board of appeals erred in holding that a special land use permit for a resort may be granted for only the expansion of an existing resort.

From this statement, plaintiffs identify "certain tourist oriented commercial enterprises and multiple family developments are permitted" as a prime example of ambiguous language leaving the landowner to guess, or the municipality arbitrarily to determine, exactly what is permitted or forbidden. However, we conclude that the circuit court correctly recognized that the unambiguous provisions of the zoning ordinance cover the issue presented in this as-applied challenge, which obviated the need to consider application of any ambiguous language.

Again, plaintiffs' lot consists of their main cottage, which is set up for year-round habitation, plus what has been variously called a guesthouse, guest cottage, or an accessory building, which is not insulated for year-round use.

Article 5.2.22 of the zoning ordinance defines "dwelling unit" as "[a] building or portion thereof arranged, built, or designed for permanent occupancy by not more than one family for living purposes and having cooking and sanitary facilities." "Permanent dwelling" is defined as "[a] dwelling wherein the part(ies) are living for a period of more than 180 days out of the year, although not necessarily in one straight period of time." 2013 Clark Twp Zoning Ordinance, art 5.2.54. That plaintiffs' main cottage is a dwelling unit is not in dispute. However, as plaintiffs acknowledge, their guesthouse does not qualify as a dwelling unit because its lack of insulation renders it ill-suited for permanent or year-round occupancy.

Plaintiffs recognize that their guesthouse in fact comes under the definition of "accessory building," which according to the ordinance is "a supplementary building or structure on the same parcel as the main building, which is naturally and normally incidental, clearly subordinate, and devoted exclusively to the principal use on the same parcel." 2013 Clark Twp Zoning Ordinance, art 5.2.1. Similarly, "accessory use" is defined as "use of land naturally and normally incidental, clearly subordinate, and devoted exclusively to the principal use of the same parcel on which the principal use is located." 2013 Clark Twp Zoning Ordinance, art 5.2.3.

This case arose from defendant's objections to plaintiffs' practice of occasionally renting simultaneously their two structures to two different families, as inconsistent with the intent behind the single-family residential district to promote and preserve single-family residential use. Defendant's zoning officer's letter to plaintiffs setting forth the objections reported that there were "complaints that the property is being rented for short term or 'resort' use," advised that the zoning ordinance defined "resort" as "[a] group of attached or detached dwellings . . . containing guest rooms which are provided for transient of short or long duration," and that the ordinance permitted resorts in the single-family residential district only as special land uses.

Plaintiffs protest that they were set up to fail when advised to seek a special use permit for operation of a resort, because a resort is defined as a group of dwellings, and their lot consists of just one dwelling plus one accessory building. That plaintiffs did not obtain satisfaction from the permitting process, however, did not result from any ambiguity in the definition of "dwelling," "accessory building," or "resort." Defendant objected to rentals to multiple families, which it characterized as resort operations, in a single-family residential district, which led plaintiffs to seek the special use permit required for such operations. Defendant's objection was to the simultaneous rentals to two families, not to plaintiffs' guesthouse's failure to satisfy the definition of "dwelling unit" and thus the combination's failure to satisfy the definition of "resort." Whether plaintiffs should have recognized that their attempt to obtain the permit was

-3-

futile from the start, given that their lot consisted of a dwelling and an accessory building, not any combination of dwellings, and thus, as before, their rentals did not qualify for recognition as resort operations, is beside the point.

Plaintiffs argue that they challenged the decision of the zoning board of appeals not on the ground that there was some error in recognizing that plaintiffs' activities had never been recognized as resort operations, but rather only insofar as plaintiffs were led to seek a special use permit, thus claim the status of resort operators, in order to continue their practice of renting their main cottage and guesthouse simultaneously to unassociated families in the first instance. Accordingly, they argue that the circuit court erred in affirming a decision not itself challenged while declining to reach the arguments that are the crux of the case.

The circuit court did not in fact wholly disregard plaintiffs' invitation to review various provisions in the ordinance for vagueness or ambiguity, but rather answered that invitation conscientiously. The court agreed that some of the terminology in the subject ordinance lent itself to objections over vagueness, but reiterated that, because plaintiffs' property was not among those in the single-family residential district classified as a resort, plaintiffs were not entitled to the special use permit they sought for that reason, and that "the language that the . . . Planning Commission relied on in its denial of the Plaintiffs' request . . . is not ambiguous." The court elaborated:

> The Plaintiffs . . . claim that certain definitions and terms involved in the Ordinance such as "resort," "dwelling," "permanent occupancy and dwelling," "group," "property owner," and "tourist oriented commercial enterprises," lend themselves to confusion, rendering an individual from being on notice of what is what when it comes to understanding the Ordinance. This argument is not without merit . . . However, under these facts what is inescapable is that regardless of the prior use of the Plaintiffs' property, it was never classified as a resort, unlike other properties in the same [single-family residential] District. This Court cannot travel a path to unravel the circumstances that led to any properties prior classification, but must deal with the facts at hand.

The circuit court properly refrained from expanding its scope of review beyond the decision of the zoning board of appeals, or otherwise endeavoring to substitute its judgment for that of the board. See *C & W Homes, Inc v Livonia Zoning Bd of Appeals*, 25 Mich App 272, 274; 181 NW2d 286 (1970) ("We may not substitute our judgment for that of the board."). To persuade the circuit court, or this Court, in this as-applied case to undertake searching constitutional review for vagueness of any of the language of the subject zoning ordinance, plaintiffs would have to start by presenting a decision of the zoning board of appeals that might have constituted an exercise of arbitrary or discriminatory enforcement resulting from its application of vague terms. See *Hill*, 530 US at 732. Because the decision under review did not call for the zoning board of appeals to apply any vague language from the governing ordinance, in reviewing the decision the circuit court properly elected not to "travel a path to unravel the circumstances that led to any properties prior classification."

Plaintiffs characterize the result below as unreasonable insofar as it disallows a rental arrangement that itself results in two different families on their property while allowing one

resulting in two families if one occupies the main cottage and the other occupies the guesthouse as the guests of family occupying the main cottage.  Plaintiffs suggest that those two situations present a distinction without a difference, but we disagree.  The distinction between two unassociated families, and one family hosting another, has significant bearing on whether the arrangement reasonably reflects the single-family residential purpose of the zoning district.  A single family on the lot obviously comports with the single-family residential aspiration of the district, and continues to emanate single-family residential character even if hosting a second family in a companion guesthouse in a way that the presence of a second, unassociated family does not.  Guests, by definition, are present at the invitation of the host, their rights on the lot thus being derivative of those of the host.  The host-guest relationship thus substantially mirrors that between the dwelling unit, as a "[a] building . . . designed for permanent occupancy by not more than one family for living purposes," and the guesthouse as the latter's accessory, relating to the dwelling unit as an entity "clearly subordinate, and devoted exclusively to the principal use on the same parcel."  In contrast, the presence of two unassociated families constitutes no extension of single-family living, but rather a plain departure from it.

For these reasons, the circuit court correctly affirmed the decision of defendant's zoning board of appeals.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause